THE STATE OF OHIO, APPELLANT, *v*. BOSWELL, APPELLEE.

[Cite as *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577.]

*Criminal procedure — Withdrawal of guilty plea — Motion after void sentence to be treated as presentence motion — Crim.R. 32.1.*

(No. 2007-2373 — Submitted November 19, 2008 — Decided April 9, 2009.)

APPEAL from the Court of Appeals for Cuyahoga County,

Nos. 88292 and 88293, 2007-Ohio-5718.

_____

SYLLABUS OF THE COURT

A motion to withdraw a plea of guilty or no contest made by a defendant who has been given a void sentence must be considered as a presentence motion under Crim.R. 32.1.

_____

MOYER, C.J.

I

{¶ 1} This case requires us to apply our jurisprudence regarding postrelease control to the circumstances in which a defendant seeks to withdraw his guilty plea to a crime that required postrelease control as part of the sentence, but the trial court failed to include it. We hold that because the sentence is void as contrary to law, the defendant must be resentenced, and his motion to withdraw his plea must be treated as a presentence motion under Crim.R. 32.1. "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.

II

{¶ 2} Defendant, Parris Boswell, pleaded guilty in 2000 to aggravated burglary, aggravated robbery, felonious assault, assault, and having a weapon

while under a disability. At the plea hearing, the trial court told Boswell that he "may be subject to post-release control." Because aggravated burglary and aggravated robbery are first-degree felonies, R.C. 2967.28 *requires* five years of postrelease control. The court also failed to explain postrelease control. In the sentencing entry, Boswell was sentenced to 16 years in prison, but not to postrelease control.

{¶ 3} In 2004 and 2005, Boswell filed two motions for a delayed appeal, but both were denied. On June 8, 2005, more than five years after being sentenced, Boswell filed a motion to vacate his plea, arguing that the trial court had failed to properly inform him during the plea hearing of the mandatory term of postrelease control and the penalties associated with violating postrelease control. The trial court granted his motion without opinion, vacating the plea.

{¶ 4} The state appealed the trial court's decision, but it was upheld by the court of appeals. *State v. Boswell*, Cuyahoga App. Nos. 88292 and 88293, 2007-Ohio-5718. The court of appeals held that the trial court had not substantially complied with Crim.R. 11(C)(2)(a) and R.C. 2943.032 at the sentencing hearing, because it did not advise Boswell of the maximum penalty for his crimes before he entered his guilty plea. Id. at ¶ 9. We accepted the state's discretionary appeal, which asserted that the court of appeals improperly applied the substantial-compliance analysis by failing to require Boswell to demonstrate that he had been prejudiced by the inaccurate plea colloquy.

### III

{¶ 5} We do not reach the state's argument concerning the prejudice requirement for insufficient plea colloquies, because our multitiered analysis for evaluating compliance with Crim.R. 11 does not apply under the present circumstances. We recently detailed that analysis in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

**{¶ 6}** This is the first case we have decided involving a sentence that failed to include mandatory postrelease control in which the defendant moved to vacate the plea. In *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 2, for example, the state moved for resentencing prior to the defendant's release from prison. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 4, involved the vacating of a guilty plea, but there the defendant challenged his plea on direct appeal. Here, however, Boswell filed a motion to withdraw his plea more than five years after sentencing.

**{¶ 7}** Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. The question here is whether Boswell's motion to withdraw his plea should be considered a presentence motion, judged under the liberal standard of *Xie*, or a postsentence motion, requiring a showing of manifest injustice.

**{¶ 8}** Our recent line of cases dealing with postrelease control has consistently held that sentences that fail to impose a mandatory term of postrelease control are void. See *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at syllabus; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus; *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 20. This stems from "the fundamental understanding that no court has the authority to substitute a different sentence for that which is required by law." *Simpkins* at ¶ 20, citing *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438, 25 O.O.2d 447, 195 N.E.2d 811. A sentence that does not comport with statutory requirements is contrary to law, and the trial judge is acting without authority in imposing it. Id. at ¶ 21. "Because a sentence

that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void, it must be vacated. The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence." Id. at ¶ 22, citing *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 13.

{¶ 9} A motion to withdraw a plea of guilty or no contest made by a defendant who has been given a void sentence must therefore be considered as a presentence motion under Crim.R. 32.1. Although such a defendant has in fact been through a sentencing hearing, the trial judge acted without authority in imposing the sentence. Crim.R. 32.1 requires a defendant making a postsentence motion to withdraw a plea to demonstrate manifest injustice because it is designed "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo* (1985), 17 Ohio St.3d 66, 67, 17 OBR 132, 477 N.E.2d 627, citing *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213, 22 O.O.3d 341, 428 N.E.2d 863. This logic does not fully apply where the reprisal itself was unlawful.

{¶ 10} It is undisputed that Boswell's sentence is void. It failed to include mandatory postrelease control, violating R.C. 2967.28. As a result, we place him in the same position that he would be in if he had never been sentenced and treat his motion to withdraw his guilty plea as a presentence motion. As explained in *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715, such a motion should be "freely and liberally granted." This does not mean, however, that Boswell has an absolute right to withdraw his plea. Id. "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id.

{¶ 11} The state argues that Boswell is barred by res judicata from filing a motion to withdraw his plea because the trial court's failure to properly advise

4

him of postrelease control is an issue that could have been raised on direct appeal. The state, however, failed to raise this issue in any proposition of law, and res judicata is not even mentioned in the state's memorandum in support of jurisdiction. We accordingly decline to address it. See, generally, *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities*, 102 Ohio St.3d 230, 2004-Ohio-2629, 809 N.E.2d 2, at ¶ 18, 27.

### IV

{¶ 12} Having determined the proper standard for evaluating Boswell's motion to withdraw his plea, we must also address the status of the void sentence. Unlike the parties in our prior cases, neither party here is actually challenging the imposed sentence, although both parties admit that the sentence is void. Instead, the case has reached us on Boswell's motion to withdraw his guilty plea based on the plea colloquy. Despite the lack of a motion for resentencing, we still must vacate the sentence and remand for a resentencing hearing in the trial court. Because the original sentence is actually considered a nullity, a court cannot ignore the sentence and instead must vacate it and order resentencing. *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 20-22.

### V

{¶ 13} We hold, pursuant to Crim.R. 32.1, that a defendant's motion to withdraw a guilty plea following the imposition of a void sentence must be considered as a presentence motion and be freely and liberally granted. As discussed above, Boswell's sentence is void because it failed to include postrelease control as mandated by statute. His motion to withdraw his guilty plea must accordingly be treated as a presentence motion. Because the trial court granted Boswell's motion without opinion and the court of appeals applied the improper standard, we remand to the trial court to consider the motion under the standard described above. We also vacate Boswell's void sentence and order resentencing if his motion to withdraw his guilty plea is ultimately denied.

Judgment accordingly.

PFEIFER, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent.

_____

**LANZINGER, J., dissenting**.

{¶ 14} I respectfully dissent and would affirm the judgment of the court of appeals upholding the trial court's vacation of Boswell's plea and granting him a new trial.

{¶ 15} Even though the appellate court mischaracterized Boswell's motion as a postsentence motion to withdraw his plea and, therefore, applied the more onerous standard of manifest injustice, it nonetheless determined that Boswell's motion should have been granted. *State v. Boswell*, Cuyahoga App. Nos. 88292 and 88293, 2007-Ohio-5718, ¶ 12. The trial court had failed to advise Boswell of the maximum length of postrelease control as required by Crim.R. 11(C)(2)(a) and R.C. 2943.032 before he entered his guilty plea. The appellate court's judgment is consistent with this court's recent holdings in *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph two of syllabus ("If the trial court fails during the plea colloquy to advise a defendant that the sentence will include a *mandatory term* of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court *must vacate the plea* and remand the cause" [emphasis added]) and *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462 (there is a complete failure to comply with Crim.R. 11 when a trial court does not inform the defendant of a mandatory period of postrelease control).

{¶ 16} This case illustrates the danger that results from holdings that a sentencing error is not just a mistake in the exercise of the court's jurisdiction, but is rather considered a lack of jurisdiction altogether. A defendant is able to attack his conviction five years later on a motion to vacate his guilty plea. But this is

only the beginning. Defendants whose sentences failed to include postrelease control and whose sentences are "void" are arguably entitled to a writ of habeas corpus. See *Davis v. Wolf*e (2001), 92 Ohio St.3d 549, 552, 751 N.E.2d 1051 (when a court's judgment is void, habeas corpus is generally an appropriate remedy despite the availability of appeal).

{¶ 17} For these reasons, I continue to believe that all errors during the plea hearing and at sentencing should be corrected on direct appeal. I have departed consistently from recent decisions of this court that have held sentences to be void when they have contained errors of the type that ordinarily would have been correctable on direct appeal. See *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (Lanzinger, J., dissenting); *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306 (Lanzinger, J., concurring); and *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568 (Lanzinger, J., dissenting).

{¶ 18} In my view, correction of any sentencing error should be sought within 30 days, so that all parties may rely upon a sentence that was imposed and is being served. Both the defendant and the state would stand on level ground in terms of how and when a challenge to the plea and sentence may be made. I would hold that in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is contrary to law, and the parties have their appeals as of right pursuant to R.C. 2953.08. To allow collateral attack in addition to appeal undermines the principles of res judicata. See *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.

{¶ 19} There is no need for this court to distinguish postrelease-control errors from other sentencing errors. The General Assembly has acted to allow a procedure for the trial court to correct a sentence that lacks the required

postrelease control, provided that the correction is made while the defendant is still in prison.  See R.C. 2929.191, enacted by 2006 Am.Sub.H.B. No. 137.[1]

{¶ 20} Because the record amply demonstrates that Boswell is entitled to withdraw his guilty plea under current caselaw, I would affirm the judgment of the court of appeals.  I therefore dissent.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Thorin Freeman, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Kelly K. Curtis, Assistant Public Defender, for appellee.

_____

---

1.  The constitutionality of this enactment is currently before the court, however. See case No. 2007-0693, *State v. Bloomer*, Fulton App. No. F-06-012, 2007-Ohio-1039; case No. 2007-1415, *State v. Mosmeyer* (June 20, 2007), Hamilton App. No. C-060747; and case No. 2007-1439, *State v. Barnes*, Portage App. No. 2006-P-0089, 2007-Ohio-3362.