Lanzinger, J.,
concurring in part and dissenting in part.
*218 Roger D. Nagel, Fulton County Prosecuting Attorney, and Paul H. Kennedy, Assistant Prosecuting Attorney, for appellee in case No. 2007-0693.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee in case No. 2007-1415.
{¶ 74} I have maintained my position, most recently stated in State v. Boswell, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, that errors made during a plea hearing or at sentencing should be corrected on direct appeal. Boswell at ¶ 17. Failure to notify a defendant of postrelease control or to include it within a sentencing entry should render a sentence voidable, meaning subject to correction. Before enactment of Sub.H.B. No. 137 (“H.B. 137”), effective July 11, 2006, a trial court had no special statutory power to correct a sentence that contained a postrelease control error. Now, however, R.C. 2929.191 allows a trial court to correct a sentencing error related to the imposition of mandatory postrelease control, provided that the correction is made after the offender is given a hearing and while the offender is still serving a prison term.
{¶ 75} I agree that H.B. 137 does not violate Section 15(D), Article II of the Ohio Constitution and that it has not been demonstrated beyond a reasonable doubt that R.C. 2929.191 violates the separation-of-powers doctrine. With respect to Bloomer, who was sentenced before the statute’s effective date, I dissent from the judgment and would hold that Bloomer’s original sentence must stand because the state did not appeal the sentence containing the postrelease control error. With respect to Mosmeyer, I concur in the judgment because the trial court correctly followed the statutory procedure to impose postrelease control at his August 23, 2006 resentencing. With respect to Barnes, although I do not agree with the majority’s reasoning, I also concur in the judgment, because Barnes has already served his prison term.
(¶ 76} The facts of Barnes’s case illustrate one of the difficulties that arise when the majority determines a sentence of this type to be void, meaning imposed by a court without jurisdiction. It is impossible for me to see how Barnes could be released if indeed the sentence already served were void and a nullity — a full resentencing first would be required to impose a valid penalty. Apparently what the majority holds is that a sentence is void only until it is served completely, when it then has full effect. This does not seem to be logical.
{¶ 77} I respectfully concur in the judgments as to Mosmeyer and Barnes and dissent with respect to the judgment in Bloomer.
Lundberg Stratton, J., concurs in the foregoing opinion.
*219 Victor V. Vigluicci, Portage County Prosecuting Attorney, and Pamela J. Holder, Assistant Prosecuting Attorney, for appellee in case No. 2007-1439.
Timothy Young, State Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant in case No. 2007-0693.
Derek W. Gustafson, for appellant in case No. 2007-1415.
Paul Mancino Jr., for appellant in case No. 2007-1439.