Lanzinger, J.,
concurring in part and dissenting in part.
{¶ 55} I concur in the majority opinion solely to the extent that it holds R.C. 2929.191 to be applicable to sentences imposed after July 11, 2006. Otherwise, I dissent from the judgment and would reverse the judgment of the court of appeals on grounds that the statute also applies retroactively.
I. The Problem of Void Sentences
{¶ 56} The majority holds that a series of decisions, in which sentences with postrelease control errors are declared to be void, still specifies the procedure for correcting the error for sentences imposed before July 11, 2006. I have repeatedly asserted my position that these sentences should not be deemed void, meaning that a court has acted without jurisdiction, but rather should be treated as voidable, meaning correctable on appeal. See, e.g., State v. Boswell, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 17-18 (Lanzinger, J., dissenting).
{¶ 57} The majority holds that R.C. 2929.191 cannot be applied retroactively, because the original sentencing entry omitting postrelease control is a void judgment and thus is a nullity incapable of being corrected. The recent decisions of this court illustrate the inconsistencies that arise from characterizing as void those sentences based on sentencing entries with incomplete notification of postrelease control. A sentence cannot be void initially and then later become valid after it is served. If a sentence is void, meaning that it is one “that a court imposes despite lacking subject-matter jurisdiction or the authority to act,” State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27, then it is invalid, both during the period of incarceration specified in the void sentence and after the void sentence is completed. It is absurd to call a sentence void from its inception, but only until the time that it has been fully served, when it metamorphizes from a void sentence into a valid sentence.
{¶ 58} If sentences lacking postrelease-control notification are truly void, then the sentences are a nullity, and no valid sentence is being served. Calling these sentences void, however, belies the understanding of those incarcerated, who undoubtedly view their sentences as final. Regardless of whether the sentence *187 contains a mistake, everyone who leaves the courtroom after a sentencing hearing under R.C. 2929.19 has an expectation and understanding that a final decision has been made, one that can be appealed (by either party) within 30 days and corrected, if necessary, by the court of appeals.
{¶ 59} The majority continues to apply flawed precedent to sentences imposed before the effective date of R.C. 2929.191 in spite of the General Assembly’s intent. Section 5(B) of H.B. 137 plainly states that the new enactment, which abrogates those decisions and provides a method of correction for all sentences, is intended to “apply to all convicted offenders * * * regardless of whether they were sentenced prior to, or are sentenced on or after, the effective date of this act.”
II. Retroactive Application of R.C. 2929.191 Does Not Implicate Double Jeopardy
{¶ 60} All statutes are presumed to be constitutional, and a statute will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt. State v. Thompkins (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926. Although Singleton argues that retroactive application of R.C. 2929.191 would violate the Double Jeopardy Clause of the Fifth Amendment, the new statutory correction process neither imposes additional punishment nor disturbs an offender’s legitimate expectation of finality in the original judgment entry. Postrelease control, a substitute for probation, is a sanction that must be imposed when a defendant is sentenced for certain offenses. The court has no discretion over whether to impose a sentence containing a mandatory monitoring period. With R.C. 2929.191, the General Assembly has created a procedure for a court to use when it has mistakenly failed to clarify that mandatory postrelease control is part of the sentence.
{¶ 61} It is important to distinguish between mandatory and discretionary portions of sentences. When postrelease control is mandatory, it must be included in the sentence. The General Assembly has now adopted the position that sentences that lack mandatory postrelease control are not void, because this mistake results from a court’s error in exercising jurisdiction, rather than from a lack of its authority to sentence. These sentences thus are correctable on appeal. And R.C. 2929.191 now provides an additional means by which sentences lacking mandatory postrelease control can be corrected — not by imposing a new sentence or by subjecting the convicted offender to additional discretionary punishment, but by fixing what amounts to a clerical error that omitted a mandatory portion of the sentence.
{¶ 62} Any concerns with finality are misplaced. Because of the mandatory nature of postrelease control for specified offenses, both defendants and prosecutors were given clear notice before the effective date of R.C. 2929.191 that a *188 specified period of postrelease control would be included in the offender’s sentence. When a court follows the procedure outlined in R.C. 2929.191, it does not use its discretion to add extra punishment to the existing sentence. Instead, it corrects the sentence to include proper notation of the period of postrelease control according to its mandatory duty that has been imposed by statute.
{¶ 63} When an offender is sentenced for an offense that also requires mandatory postrelease control, the General Assembly intended that the parole board would automatically monitor the offender for a specific period of time after the offender’s release from prison. Allowing a trial judge to correct the sentence without first vacating it is in keeping with the purpose of postrelease-control sanctions, which we have stated are “ ‘sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime.’ ” State v. Martello, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, at ¶ 16, quoting Woods v. Telb (2000), 89 Ohio St.3d 504, 512, 733 N.E.2d 1103. This correction of the sentence to conform to the statute as written does not raise double jeopardy concerns. I would thus hold that retroactive application of R.C. 2929.191 does not violate double jeopardy.
III. Conclusion
{¶ 64} For sentences occurring before July 11, 2006, the majority continues to use the term “void” to apply to sentences more properly termed “voidable.” This leaves every criminal sentence open to the possibility of being deemed to be “void,” thus subjecting the offender to undergoing sentencing as if for the first time, at least until the offender is released from prison. Of course, once the prison term has been completed, the sentence served magically becomes “not void.” Under this reasoning, each sentence in Ohio has the potential to be considered a nullity or “not final” at any time until it has been completely served. I cannot subscribe to this reasoning.
{¶ 65} In enacting R.C. 2929.191, the General Assembly sought to supersede this court’s decisions requiring full resentencing and instead to provide a simple means by which trial courts might correct judgments that lacked a mandatory term of postrelease control. The legislature’s intention is also evident in its amendments to R.C. 2929.19(B)(3)(c), which now provides, “If a court imposes a sentence including a prison term of a type described in division (B)(3)(c) of this section * * *, the failure of a court to notify the offender pursuant to division (B)(3)(c) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code.” I believe that the amendments to R.C. 2929.19 and the enactment of R.C. 2929.191 *189 represent an attempt to return logic and order to this area of the law and that R.C. 2929.191 should be applied both retroactively and prospectively.
{¶ 66} For these reasons, I concur in the majority’s holding that the procedures of R.C. 2929.191 must be used to correct error in the imposition of postrelease control for sentences occurring on and after the effective date of the statute, but I dissent from the majority’s holding that the statute does not apply retroactively.
Lundberg Stratton, J., concurs in the foregoing opinion.
Appendix

R.C. 2929.191

{¶ 67} (A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
{¶ 68} If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(d) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(2) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
{¶ 69} (2) If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term the court imposed prior to the effective date of this section, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and *190 shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender. If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender. The court’s placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised regarding a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code or that the offender may be so supervised regarding a sentence including a prison term of a type described in division (B)(3)(d) of that section.
{¶ 70} (B)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(3)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control or to include in the judgment of conviction entered on the journal a statement to that effect, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that if a period of supervision is imposed following the offender’s release from prison, as described in division (B)(3)(c) or (d) of section 2929.19 of the Revised Code, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code the parole board may impose as part of the sentence a prison term of up to one-half of the stated prison term originally imposed upon the offender.
{¶ 71} (2) If the court prepares and issues a correction to a judgment of conviction as described in division (B)(1) of this section before the offender is released from imprisonment under the term, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender. If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender. The court’s placement upon the journal of the entry nunc pro tunc before the offender *191 is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the judgment of conviction entered on the journal and had notified the offender pursuant to division (B)(3)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control.
{¶ 72} (C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court’s own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

R.C. 2967.28

{¶ 73} (A) As used in this section:
{¶ 74} (1) “Monitored time” means the monitored time sanction specified in section 2929.17 of the Revised Code.
{¶ 75} (2) “Deadly weapon” and “dangerous ordnance” have the same meanings as in section 2923.11 of the Revised Code.
{¶ 76} (3) “Felony sex offense” means a violation of a section contained in Chapter 2907. of the Revised Code that is a felony.
{¶ 77} (B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender’s release from imprisonment. If a court imposes a sentence including a prison term of a type described in this division on or after the effective date of this amendment, the failure of a sentencing court to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of *192 conviction entered on the journal a statement that the offender’s sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division. Section 2929.191 of the Revised Code applies if, prior to the effective date of this amendment, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:
{¶ 78} (1) For a felony of the first degree or for a felony sex offense, five years;
{¶ 79} (2) For a felony of the second degree that is not a felony sex offense, three years;
{¶ 80} (3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years.
{¶ 81} (C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender’s release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender. Section 2929.191 of the Revised Code applies if, prior to the effective date of this amendment, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(3)(d) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(2) of section 2929.14 of the Revised Code a statement regarding post-release control.
{¶ 82} (D)(1) Before the prisoner is released from imprisonment, the parole board shall impose upon a prisoner described in division (B) of this section, may impose upon a prisoner described in division (C) of this section, and shall impose upon a prisoner described in division (B)(2)(b) of section 5120.031 or in division (B)(1) of section 5120.032 of the Revised Code, one or more post-release control sanctions to apply during the prisoner’s period of post-release control. Whenever the board imposes one or more post-release control sanctions upon a prisoner, the board, in addition to imposing the sanctions, also shall include as a condition of *193 the post-release control that the individual or felon not leave the state without permission of the court or the individual’s or felon’s parole or probation officer and that the individual or felon abide by the law. The board may impose any other conditions of release under a post-release control sanction that the board considers appropriate, and the conditions of release may include any community residential sanction, community nonresidential sanction, or financial sanction that the sentencing court was authorized to impose pursuant to sections 2929.16, 2929.17, and 2929.18 of the Revised Code. Prior to the release of a prisoner for whom it will impose one or more post-release control sanctions under this division, the parole board shall review the prisoner’s criminal history, all juvenile court adjudications finding the prisoner, while a juvenile, to be a delinquent child, and the record of the prisoner’s conduct while imprisoned. The parole board shall consider any recommendation regarding post-release control sanctions for the prisoner made by the office of victims’ services. After considering those materials, the board shall determine, for a prisoner described in division (B) of this section, division (B)(2)(b) of section 5120.031, or division (B)(1) of section 5120.032 of the Revised Code, which post-release control sanction or combination of post-release control sanctions is reasonable under the circumstances or, for a prisoner described in division (C) of this section, whether a post-release control sanction is necessary and, if so, which post-release control sanction or combination of post-release control sanctions is reasonable under the circumstances. In the case of a prisoner convicted of a felony of the fourth or fifth degree other than a felony sex offense, the board shall presume that monitored time is the appropriate post-release control sanction unless the board determines that a more restrictive sanction is warranted. A post-release control sanction imposed under this division takes effect upon the prisoner’s release from imprisonment.
{¶ 83} Regardless of whether the prisoner was sentenced to the prison term prior to, on, or after the effective date of this amendment, prior to the release of a prisoner for whom it will impose one or more post-release control sanctions under this division, the parole board shall notify the prisoner that, if the prisoner violates any sanction so imposed or any condition of post-release control described in division (B) of section 2967.131 of the Revised Code that is imposed on the prisoner, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the prisoner.
{¶ 84} (2) At any time after a prisoner is released from imprisonment and during the period of post-release control applicable to the releasee, the adult parole authority may review the releasee’s behavior under the post-release control sanctions imposed upon the releasee under this section. The authority may determine, based upon the review and in accordance with the standards established under division (E) of this section, that a more restrictive or a less *194 restrictive sanction is appropriate and may impose a different sanction. Unless the period of post-release control was imposed for an offense described in division (B)(1) of this section, the authority also may recommend that the parole board reduce the duration of the period of post-release control imposed by the court. If the authority recommends that the board reduce the duration of control for an offense described in division (B)(2), (B)(3), or (C) of this section, the board shall review the releasee’s behavior and may reduce the duration of the period of control imposed by the court. In no case shall the board reduce the duration of the period of control imposed by the court for an offense described in division (B)(1) of this section, and in no case shall the board permit the releasee to leave the state without permission of the court or the releasee’s parole or probation officer.
{¶ 85} (E) The department of rehabilitation and correction, in accordance with Chapter 119. of the Revised Code, shall adopt rules that do all of the following:
{¶ 86} (1) Establish standards for the imposition by the parole board of post-release control sanctions under this section that are consistent with the overriding purposes and sentencing principles set forth in section 2929.11 of the Revised Code and that are appropriate to the needs of releasees;
{¶ 87} (2) Establish standards by which the parole board can determine which prisoners described in division (C) of this section should be placed under a period of post-release control;
{¶ 88} (3) Establish standards to be used by the parole board in reducing the duration of the period of post-release control imposed by the court when authorized under division (D) of this section, in imposing a more restrictive post-release control sanction than monitored time upon a prisoner convicted of a felony of the fourth or fifth degree other than a felony sex offense, or in imposing a less restrictive control sanction upon a releasee based on the releasee’s activities including, but not limited to, remaining free from criminal activity and from the abuse of alcohol or other drugs, successfully participating in approved rehabilitation programs, maintaining employment, and paying restitution to the victim or meeting the terms of other financial sanctions;
{¶ 89} (4) Establish standards to be used by the adult parole authority in modifying a releasee’s post-release control sanctions pursuant to division (D)(2) of this section;
{¶ 90} (5) Establish standards to be used by the adult parole authority or parole board in imposing further sanctions under division (F) of this section on releasees who violate post-release control sanctions, including standards that do the following:
{¶ 91} (a) Classify violations according to the degree of seriousness;
*195 {¶ 92} (b) Define the circumstances under which formal action by the parole board is warranted;
{¶ 93} (c) Govern the use of evidence at violation hearings;
{¶ 94} (d) Ensure procedural due process to an alleged violator;
{¶ 95} (e) Prescribe nonresidential community control sanctions for most misdemeanor and technical violations;
{¶ 96} (f) Provide procedures for the return of a releasee to imprisonment for violations of post-release control.
{¶ 97} (F)(1) Whenever the parole board imposes one or more post-release control sanctions upon an offender under this section, the offender upon release from imprisonment shall be under the general jurisdiction of the adult parole authority and generally shall be supervised by the field services section through its staff of parole and field officers as described in section 5149.04 of the Revised Code, as if the offender had been placed on parole. If the offender upon release from imprisonment violates the post-release control sanction or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed on the offender, the public or private person or entity that operates or administers the sanction or the program or activity that comprises the sanction shall report the violation directly to the adult parole authority or to the officer of the authority who supervises the offender. The authority’s officers may treat the offender as if the offender were on parole and in violation of the parole, and otherwise shall comply with this section.
{¶ 98} (2) If the adult parole authority determines that a releasee has violated a post-release control sanction or any conditions described in division (A) of section 2967.131 of the Revised Code imposed upon the releasee and that a more restrictive sanction is appropriate, the authority may impose a more restrictive sanction upon the releasee, in accordance with the standards established under division (E) of this section, or may report the violation to the parole board for a hearing pursuant to division (F)(3) of this section. The authority may not, pursuant to this division, increase the duration of the releasee’s post-release control or impose as a post-release control sanction a residential sanction that includes a prison term, but the authority may impose on the releasee any other residential sanction, nonresidential sanction, or financial sanction that the sentencing court was authorized to impose pursuant to sections 2929.16, 2929.17, and 2929.18 of the Revised Code.
{¶ 99} (3) The parole board may hold a hearing on any alleged violation by a releasee of a post-release control sanction or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the releasee. If after the hearing the board finds that the releasee violated the sanction or *196 condition, the board may increase the duration of the releasee’s post-release control up to the maximum duration authorized by division (B) or (C) of this section or impose a more restrictive post-release control sanction. When appropriate, the board may impose as a post-release control sanction a residential sanction that includes a prison term. The board shall consider a prison term as a post-release control sanction imposed for a violation of post-release control when the violation involves a deadly weapon or dangerous ordnance, physical harm or attempted serious physical harm to a person, or sexual misconduct, or when the releasee committed repeated violations of post-release control sanctions. The period of a prison term that is imposed as a post-release control sanction under this division shall not exceed nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term originally imposed upon the offender as part of this sentence. The period of a prison term that is imposed as a post-release control sanction under this division shall not count as, or be credited toward, the remaining period of post-release control.
{¶ 100} If an offender is imprisoned for a felony committed while under post-release control supervision and is again released on post-release control for a period of time determined by division (F)(4)(d) of this section, the maximum cumulative prison term for all violations under this division shall not exceed one-half of the total stated prison terms of the earlier felony, reduced by any prison term administratively imposed by the parole board, plus one-half of the total stated prison term of the new felony.
{¶ 101} (4) Any period of post-release control shall commence upon an offender’s actual release from prison. If an offender is serving an indefinite prison term or a life sentence in addition to a stated prison term, the offender shall serve the period of post-release control in the following manner:
{¶ 102} (a) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under a life sentence or an indefinite sentence, and if the period of post-release control ends prior to the period of parole, the offender shall be supervised on parole. The offender shall receive credit for post-release control supervision during the period of parole. The offender is not eligible for final release under section 2967.16 of the Revised Code until the post-release control period otherwise would have ended.
{¶ 103} (b) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under an indefinite sentence, and if the period of parole ends prior to the period of post-release control, the offender shall be supervised on post-release control. The requirements of parole supervision shall be satisfied during the post-release control period.
*197 William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.
{¶ 104} (c) If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other.
{¶ 105} (d) The period of post-release control for a releasee who commits a felony while under post-release control for an earlier felony shall be the longer of the period of post-release control specified for the new felony under division (B) or (C) of this section or the time remaining under the period of post-release control imposed for the earlier felony as determined by the parole board.