[Cite as *State v. Wheeler*, 2011-Ohio-1521.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C. A. No.    25183 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAFFAEL DION WHEELER aka STANLEY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.    CR 03 08 2421 |
| Appellant | | |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2011

DICKINSON, Presiding Judge.

INTRODUCTION

{¶1}   Raffael Wheeler pleaded guilty in 2003 to counts of aggravated robbery and possession of cocaine, and the trial court sentenced him to eight years in prison. Mr. Wheeler did not appeal, but in 2008, he moved for resentencing, arguing that the trial court had not properly imposed post-release control. The trial court denied his motion, but this Court reversed, vacated Mr. Wheeler's sentence, and remanded for resentencing. On remand, Mr. Wheeler moved to dismiss his case, arguing that his indictment was defective because it was not properly signed. The trial court denied his motion and resentenced him to eight years in prison. Mr. Wheeler has appealed the denial of his motion to dismiss. We affirm because Mr. Wheeler's argument is barred by res judicata.

UNSIGNED INDICTMENT

{¶2}    Mr. Wheeler's assignment of error is that the trial court incorrectly denied his motion to dismiss.  He has argued that his indictment was defective under Rule 6(F) of the Ohio Rules of Criminal Procedure, which requires "the foreman or deputy foreman [of the Grand Jury to] sign the indictment . . . ."  See also Crim. R. 7(B) ("The indictment shall be signed in accordance with Crim.R. 6(C) and (F)[.]").

{¶3}    The State has argued that Mr. Wheeler's argument is barred because he did not appeal the trial court's 2003 sentencing entry.  The Ohio Supreme Court has held that "[a] defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings." *Ross v. Common Pleas Court of Auglaize County*, 30 Ohio St. 2d 323, 324 (1972) (quoting *Crockett v. Haskins*, 372 F.2d 475, 476 (6th Cir. 1966)).  The Supreme Court has also held that a grand jury foreperson's failure to sign an indictment is not jurisdictional error. *VanBuskirk v. Wingard*, 80 Ohio St. 3d 659, 660 (1998); *Kroger v. Engle*, 53 Ohio St. 2d 165, 165 (1978).

{¶4}    Mr. Wheeler has argued that, because the trial court's original sentencing entry was void, this appeal is his first direct appeal.  He has argued that he, therefore, did not forfeit the defect in his indictment.

{¶5}    In light of recent Ohio Supreme Court precedent, we conclude that Mr. Wheeler is incorrect.  In *State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-3250, the Ohio Supreme Court held that, "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void.  The offender is entitled to a new sentencing hearing for that particular offense." *Id*. at syllabus.  Following the Supreme Court's logic, this Court subsequently determined that,

"regardless of whether a defendant has already appealed his conviction, if the order from which the first appeal was taken is not final and appealable, he is entitled to a new sentencing entry which can itself be appealed." *State v. Harmon*, 9th Dist. No. 24495, 2009-Ohio-4512, at ¶6. In *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, however, the Ohio Supreme Court modified its holding in *Bezak*. *Id*. at ¶27. The Supreme Court clarified that, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *Id*. at ¶26. "[R]es judicata still applies to other aspects of the merits of [the] conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id*. at paragraph three of the syllabus. The only issues a defendant can raise on appeal after the resentencing hearing to correctly impose post-release control are "issues arising at the resentencing hearing." *Id*. at paragraph four of the syllabus.

{¶6} Applying *Fischer*, we conclude that Mr. Wheeler's argument is barred by res judicata. Specifically, he could have raised the alleged defect with his indictment on direct appeal from the 2003 sentencing entry. See *State v. Rexroad*, 9th Dist. No. 22214, 2004-Ohio-6271, at ¶8 ("That a defendant failed to directly appeal from his conviction and sentence does not prevent the application of the doctrine of res judicata."). Mr. Wheeler's assignment of error is overruled.

CONCLUSION

{¶7} The trial court correctly denied Mr. Wheeler's motion to dismiss. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, J.
CONCURS

BELFANCE, J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶8} The main opinion follows the spirit of the holdings of *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. Nonetheless, I reluctantly concur.

{¶9} I write separately to note a recurring problem that has arisen that is not explicitly resolved by *Fischer*. Specifically, what legal course should this Court take when it has previously applied the precedents preceding *Fischer*? In following the then valid and unqualified Supreme Court precedent, this Court vacated numerous sentencing entries,

concluding they were void for errors in post-release control notification. See, e.g., *State v. Moton*, 9th Dist. No. 24262, 2009-Ohio-4169, at ¶¶4-6. Given the vacation of the original judgment, it would not be illogical or legally unsound for an appellant who is now appealing from the de novo sentencing entry to assume that the appellate court would consider the merits of his or her arguments; after all, the new sentencing entry would be the only final judgment in the record on the matter and under the law, it would seem that the appellant would be legally entitled to pursue an appeal from the only existing judgment of record in the matter. This would equally apply even if the appellant had already had an appeal from the now non-existent original sentencing entry, or if the appellant could have appealed the now non-existent original sentencing entry and chose not to do so since the appellant's original sentence was vacated.

{¶10} Yet, the *Fischer* Court has held that appellants who were improperly informed of their post-release control obligations only get one bite at the appellate apple concerning "the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at ¶40. Clearly, in light of *Fischer*, this Court would not now vacate a sentence for an error in post-release control notification. *Fischer* provides that such sentences are only partially void and are not subject to de novo resentencing. *Fischer* at paragraph two of the syllabus, ¶26. However, we still cannot escape the fact that we did vacate these sentences and *Fischer* does not address this specific issue. Thus, this Court is faced with the quandary of how to apply *Fischer* while still addressing the legal consequences of this Court having applied the law in effect prior to *Fischer*.

{¶11} In doing so, this Court has sometimes chosen to acknowledge the legal reality of what happened, i.e. that we vacated the appellant's sentence, and the legal consequences associated therewith. See *State v. Wilborn*, 9th Dist. No. 25352, 2011-Ohio-1038, at ¶7 ("Under *Singleton* and the recently decided *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, the

vacation of Mr. Wilborn's sentence should have been limited to the improperly imposed post-release control, leaving the rest of the sentence intact. See *Fischer*, 2010-Ohio-6238, at ¶26-28; *Singleton*, 2010-Ohio-6434, at ¶24. Because we vacated his entire sentence, however, Mr. Wilborn's motion to withdraw his guilty plea was a presentence motion. *State v. Boswell*, 121 Ohio St. 3d 575, 2009-Ohio-1577, syllabus."); *State v. Banks*, 9th Dist. No. 25279, 2011-Ohio-1039, at ¶53, fn. 4 (noting that because we vacated Mr. Banks' sentence, the trial court was correct in conducting a de novo sentencing hearing even despite the holding of *Fischer*). However, in this case, the main opinion does not directly address the fact that we vacated Mr. Wheeler's sentence, albeit arguably doing so in accordance with the principles outlined in *Fischer*. It then proceeds to bar his arguments under res judicata despite the fact that Mr. Wheeler has no other final sentencing entry in the record on this matter but the one he now appeals.

**{¶12}** As the Supreme Court has not provided guidance on this point and the view of the main opinion is in line with the *Fischer* Court's holding which precludes multiple appeals on the merits unrelated to the imposition of post-release control at resentencing, I reluctantly concur.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.