[Cite as *State v. Alford*, 2011-Ohio-4811.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95946**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARRYL ALFORD

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-469026

**BEFORE:** Jones, J., Blackmon, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** September 22, 2011

ATTORNEY FOR APPELLANT

Thomas E. Conway
75 Public Square, Suite 700
Cleveland, Ohio 44113

Darryl Alford, Pro se
Inmate No. 493-759
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030-8000


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}   Defendant-appellant, Darryl Alford, appeals from the trial court's judgment

denying his motion to withdraw his plea.    We affirm.

I.

**{¶ 2}**    In 2005, Alford pleaded guilty to failure to comply with an order or signal of a police officer and two counts of felonious assault with one-year firearm and body armor specifications.    The trial court sentenced Alford to 12 years in prison.

**{¶ 3}**    Alford appealed pro se, but the appeal was dismissed for failure to file the record.[1]    A second pro se appeal was dismissed as untimely.[2]

**{¶ 4}**    Alford subsequently filed a motion to withdraw his guilty plea, which was denied.    Alford appealed, contending that the trial court erred by not granting his postsentence motion to withdraw his plea.    This court affirmed the conviction, but held that the trial court did not "adequately set forth postrelease control advisements in its judgment entry," and remanded for "resentencing in accordance with *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958."    *State v. Alford*, Cuyahoga App. No. 93911, 2010-Ohio-4130, ¶19.

**{¶ 5}**    On remand, prior to the resentencing hearing, Alford, pro se, filed a motion to withdraw his plea.    The trial court denied the motion and resentenced Alford to a 12-year prison term.    The court imposed postrelease control and advised him of the penalties for

---

[1] *State v. Alford*, Cuyahoga App. No. 87275, motion nos. 379031 and 382174.

[2] *State v. Alford*, Cuyahoga App. No. 87856, motion no. 383933.

violating it. Alford now appeals and for his sole assignment of error contends that "[t]he trial court erred when it failed to grant appellant's presentence motion to withdraw his guilty pleas."

## II.

{¶ 6} On appeal, this court affirmed the convictions, but remanded only for resentencing for compliance with postrelease control advisements. *Alford*, 2010-Ohio-4130, at ¶1, 19. In *State v. Pruitt*, Cuyahoga App. No. 91205, 2009-Ohio-859, this court held that "'[a] trial court lacks jurisdiction, upon remand, to consider a Crim.R. 32.1 motion to withdraw a guilty plea after affirmance by the appellate court of a judgment of conviction.'" Id. at ¶11, quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 378 N.E.2d 162.

{¶ 7} Alford contends that *Pruitt* is not controlling here because it relied on the distinguishable *Special Prosecutors* case. According to Alford, *Special Prosecutors* is distinguishable from this case because *Special Prosecutors* involved a postsentence, rather than a presentence, motion to withdraw a guilty plea. *Special Prosecutors* is not distinguishable from this case. There, the defendant's plea and conviction were upheld on appeal. The defendant then filed a motion to vacate his plea in the trial court, and the court granted the motion. The Ohio Supreme Court held in part that:

> "The trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeals

affirming the trial court's conviction premised upon the guilty plea. The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment. * * *

"Furthermore, Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments * * * it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." Id. at 97-98.

{¶ 8} In light of the above, this case is on point with *Special Prosecutors*. As there, this court in this case affirmed the plea and conviction; therefore, the trial court did not have the power to affect that decision.

{¶ 9} Alford relies on *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422. In *Boswell*, the Ohio Supreme Court held that "[a] motion to withdraw a plea of guilty or no contest made by a defendant who has been given a *void* sentence must be considered as a presentence motion under Crim.R. 32.1." (Emphasis added.) Id. at syllabus. There, the trial court failed to include postrelease control as required by statute, and the Ohio Supreme Court vacated the void sentence, remanded the case to the trial court to consider the defendant's motion to withdraw his plea, and ordered resentencing if the motion to withdraw the plea was denied.

{¶ 10} Here, this court did not find Alford's sentence void and therefore this case is distinguishable from *Boswell*. Moreover, in *State v. Fischer*, 128 Ohio St.3d 92,

2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court, modifying its earlier position in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, held that if a "judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, [only] that part of the sentence is void and must be set aside." Id. at ¶26. Further, in *Fischer*, the Court specifically held that "although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." Id. at ¶40.

{¶ 11} Although the Ohio Supreme Court did not discuss *Boswell* in *Fischer*, it appears *Fischer* calls the Court's prior holding in *Boswell* into question. A sentence that fails to properly include postrelease control is void only in "part," the "new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control," and res judicata applies "to other aspects of the merits of a conviction including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at ¶26, 29, 40. It does not follow that a trial court has jurisdiction to consider a motion to withdraw a plea after appellate remand for resentencing only.

{¶ 12} In light of the above, we find *Special Prosecutors* controlling and overrule

Alford's sole assignment of error.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,   JUDGE

PATRICIA A. BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR