[Cite as *State v. Amstutz*, 2012-Ohio-6079.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Sheila G. Farmer, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2012-CA-00097 |
| | : | |
| | : | |
| RICKY AMSTUTZ | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:     Criminal Appeal from Stark County
Court of Common Pleas Case No.
1998-CR-1060

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 17, 2012

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South
Suite – 510
Canton, Ohio  44702-1413

For Defendant-Appellant

EUGENE CAZANTZES
101 Central Plaza, South
1000 Bank One Building
Canton, Ohio  44702

*Edwards, J.*

{¶1} Appellant, Ricky Amstutz, appeals a judgment of the Stark County Common Pleas Court resentencing him to add a mandatory term of five years postrelease control. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} In 1999, appellant was convicted of one count of involuntary manslaughter with a firearm specification and one count of weapons under disability, pursuant to a plea of guilty. He was sentenced to fourteen years incarceration. He was informed at his sentencing hearing that upon his release from prison, he would be subject to a mandatory period of postrelease control of up to five years. His conviction and sentence was affirmed by this Court. *State v. Amstutz*, 5th Dist. No. 1999CA00104, 1999 WL 1071966 (November 8, 1999).

{¶3} On April 16, 2012, prior to his scheduled release on August 31, 2012, the court scheduled a video conference with appellant at the prison in order to resentence him to properly impose postrelease control. Appellant was represented by counsel. However, appellant was in the medical wing conference room and due to a problem with the telephone hookup, he was unable to confer with his counsel, who was located in Stark County. The court proceeded with the hearing and allowed appellant to state his objections to his sentence on the record. The court noted the objections and sentenced him to a mandatory term of five years postrelease control.

{¶4} Appellant filed an appeal, assigning a single error:

{¶5} "APPELLANT WAS DENIED HIS RIGHT TO COUNSEL AT THE RE-SENTENCING HEARING."

**{¶6}** Appellant argues that he was not able to confer with his appointed counsel prior to the video conference hearing.

**{¶7}** This Court has previously held that a criminal defendant does not have the right to counsel at a resentencing hearing in which the sole purpose is to properly impose a term of postrelease control:

**{¶8}** "In the case at bar, the error made by the trial court was that the court failed to inform appellant in person during his original sentencing hearing that he was subject to a mandatory five year period of post-release control and to misstate in the original sentencing entry that appellant would be on mandatory post release control for a period 'up to' five years.

**{¶9}** "As a result, because the trial court's sentencing did not conform to statutory mandates it is void. See *State v. Bloomer,* 122 Ohio St.3d 200, 909 N.E.2d 1254, 2009–Ohio–2462, ¶ 68; see, also, *State v. Jordan,* 104 Ohio St.3d 21, 817 N.E.2d 864, 2004–Ohio–6085; *State v. Bezak,* 114 Ohio St.3d 94, 868 N.E.2d 961, 2007–Ohio–3250; *State v. Simpkins,* 117 Ohio St.3d 420, 884 N.E.2d 568, 2008–Ohio–1197; *State v. Boswell,* 121 Ohio St.3d 575, 906 N.E.2d 422, 2009–Ohio–1577.

**{¶10}** "However, as noted in our disposition of appellant's First Assignment of Error, supra, the Ohio Supreme Court in *State v. Fischer,* Slip Opinion No. 2010–Ohio–6238, limited its holding in *Bezak* and concluded that the defendant is only entitled to a hearing for the proper imposition of post release control.

**{¶11}** "A 'critical stage' only exists in situations where there is a potential risk of substantial prejudice to a defendant's rights and counsel is required to avoid that result; in other words, counsel must be present 'where counsel's absence might derogate from

the accused's right to a fair trial.'" *United States v. Wade* (1967), 388 U.S. 218, 226, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

**{¶12}** "In the case at bar, appellant was convicted after a jury trial. Appellant was represented by counsel at his original sentencing hearing in 2001. Appellant was subject to a mandatory period of post release control. Both the mandatory nature and the length of appellant's post release control are governed by statute. See, R.C. 2967.28. Accordingly, no discretion was involved in the trial court's October 25, 2010 re-sentencing hearing concerning appellant's post release control obligation.

**{¶13}** "The court in *Fisher,* supra, further held that '[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. Accordingly, appellant could not raise new issues, or issues he had previously raised on his direct appeal. *State v. Fischer, supra;* See also, *State v. Ketterer,* 126 Ohio St.3d 448, 935 N.E.2d 9, 2010–Ohio–3831.

**{¶14}** "'Consequently, the sentencing hearing was ... not a *de novo* hearing but a ministerial act to create a new journal entry with the addition of the corrected language noting that post-release control was mandatory.' *State v. Davis,* Washington App. No. 10CA9, 2010–Ohio–5294 at ¶ 32.

**{¶15}** "In the case at bar appellant did not face a substantial risk of prejudice because the court was limited to informing him in person concerning the imposition of five years mandatory post-release control and adding the words 'mandatory' to the imposition of post release control as set forth in its Judgment Entry, which it was required to do in the first place, i.e., the court did not have the authority to make any

other substantive changes to the already-imposed sentence."  *State v. Griffis*, 5th Dist. No. CT2010–57, 2011-Ohio-2955, ¶25-32.

**{¶16}** In the instant case, as in *Griffis*, the court was limited to informing appellant in person of the addition of the words "mandatory" to the imposition of postrelease control.  The trial court had no authority to make any other changes to the sentence, and appellant was therefore not entitled to be represented by counsel.

**{¶17}**  The assignment of error is overruled.

**{¶18}**  The judgment of the Stark County Common Pleas Court is affirmed.

By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r1114

[Cite as *State v. Amstutz*, **2012-Ohio-6079**.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellee         :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
RICKY AMSTUTZ                          :
                                       :
            Defendant-Appellant        :          CASE NO. 2012-CA-00097


        For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to

appellant.

                                        _____

                                        _____

                                        _____

                                                        JUDGES