[Cite as *State v. Samuels*, 2011-Ohio-2631.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25283 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RODNEY A. SAMUELS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 06 01 0101(B) |

DECISION AND JOURNAL ENTRY

Dated: June 1, 2011

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Rodney Samuels pleaded guilty to aggravated robbery with an underlying gun specification, grand theft, and failure to comply. The trial court sentenced him to seven years in prison. It later resentenced him in order to properly impose post-release control. We vacate the trial court's sentencing entry to the extent it did more than properly impose post-release control, and affirm the remainder of its judgment because it did not err in denying Mr. Samuels' motion to withdraw his plea, Mr. Samuels did not receive ineffective assistance of counsel, and his challenge to the sufficiency of his indictment is outside the scope of this appeal.

BACKGROUND

**{¶2}** In 2006, Mr. Samuels pleaded guilty to aggravated robbery, grand theft, and failure to comply. The trial court sentenced him to seven years in prison, and he did not appeal. In 2008, he moved for post-conviction relief, arguing that his indictment had been insufficient.

The trial court denied his motion, and this Court affirmed. *State v. Samuels*, 9th Dist. No. 24370, 2009-Ohio-1217. He then moved to withdraw his guilty plea, claiming that he had not been informed that he was subject to five years of post-release control or that, if he violated post-release control, he could be sentenced to up to half of his original sentence.

{¶3} The trial court held a resentencing hearing because Mr. Samuels' original sentencing entry failed to properly impose post-release control. At that hearing, Mr. Samuels withdrew his motion to withdraw his guilty plea. He told the trial court that "the reason that [he] filed the motion to withdraw [his] guilty plea was not because [he] felt that [he] wasn't guilty of the crime or [that] [he] could go to trial and win. It was because that, when [he] gave [his] plea and [he] accepted the seven years as [his] punishment, [he] didn't know that [he] was going to have to do three-and-a-half more years on top of that or five years day for day post-release control." The trial court remarked that it would not be inclined to grant his motion to withdraw his guilty plea and proceeded to resentence him.

RESENTENCING HEARING

{¶4} Mr. Samuels' original sentencing entry failed to properly impose post-release control, providing only that "the Defendant is subject to post-release control to the extent the parole board . . . determine[s] as provided by law." In *State v. Bezak*, 114 Ohio St. 3d 94, 2007–Ohio–3250, the Ohio Supreme Court held that, "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." *Id*. at syllabus. The Supreme Court, however, has recently modified its holding in *Bezak*. See *State v. Fischer*, 128 Ohio St. 3d 92, 2010–Ohio–6238 at ¶27. In *Fischer*, the Court clarified that, "when a judge fails to impose statutorily

mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside." *Id*. at ¶26.

{¶5}    Accordingly, Mr. Samuels was not entitled to a de novo sentencing hearing. *State v. Johnson,* 9th Dist. No. 25104, 2011–Ohio–436, at ¶11 (citing *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at ¶28–29, 36).    "To the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to [Mr. Samuels], its judgment in that respect is vacated." *State v. Woods*, 9th Dist. No. 25236, 2011–Ohio–562, at ¶10.  The lawful parts of Mr. Samuels' prior sentencing entry remain valid. *Fischer*, 2010-Ohio-6238, at paragraph three of the syllabus.

## INDICTMENT

{¶6}    Mr. Samuels' third assignment of error is that the aggravated robbery counts of his indictment were insufficient because they did not include a mens rea and because the alleged victims were not named.  He has appealed from the resentencing judgment entry.  Because only the post-release control part of his sentence was void and because the period for filing an appeal from his original sentencing entry has passed, the scope of his appeal is confined to errors arising at his resentencing hearing. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at ¶40.  This assignment of error is outside the proper scope of this appeal, and this Court is without jurisdiction to consider it.   His third assignment of error is overruled.

## MOTION TO WITHDRAW

{¶7}    Mr. Samuels' first assignment of error is that the trial court incorrectly denied his motion to withdraw his guilty plea.  He has argued that the trial court should have held a hearing and that the transcript of the change of plea hearing shows that the trial court never asked if his plea was made voluntarily or if any promises were made to him.  Mr. Samuels, however,

withdrew his motion to withdraw his guilty plea. Accordingly, the trial court did not err in not granting it. His first assignment of error is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

{¶8} Mr. Samuels' second assignment of error is that he received ineffective assistance of counsel at his resentencing hearing because his lawyer did not have a transcript of the change of plea hearing prepared and did not have him testify about his state of mind during the change of plea hearing. In order to prevail on a claim of ineffective assistance of counsel, Mr. Samuels must demonstrate that "[his] counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Bradley*, 42 Ohio St. 3d 136, 142 (1989) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

{¶9} Because only the post-release control part of Mr. Samuels' sentence was void, his motion to withdraw his plea could only be granted to correct a manifest injustice. Crim.R. 32.1. At his resentencing hearing, he told the trial court that he wanted to withdraw his plea "not because [he] felt that [he] wasn't guilty of the crime" but because he did not know he faced post-release control. During his plea colloquy, however, the trial court had told Mr. Samuels that, upon his release, he "would be subject to post-release control for five years, and if [he] violate[d] any of the terms of post-release control [he] could face . . . up to half of [his] original sentence[.]" At the time, Mr. Samuels told the trial court he understood.

{¶10} There is not a reasonable probability that, had Mr. Samuels testified to the court and had a transcript of the plea colloquy been prepared, his motion to withdraw his plea would have been granted. He did not receive ineffective assistance of counsel. His second assignment of error is overruled.

CONCLUSION

**{¶11}** Mr. Samuels' challenge to his indictment's sufficiency is outside the proper scope of this appeal. The trial court did not err in denying his motion to withdraw his guilty plea after Mr. Samuels orally withdrew it. Further, he did not receive ineffective assistance of counsel. The judgment of the Summit County Common Pleas Court is affirmed in part and vacated in part.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

JOHN R. KASSINGER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.