[Cite as *State v. Hubbard*, 2011-Ohio-2770.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DONALD R. HUBBARD, JR.

    Appellant

C.A. No.    25141

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 04 07 2349

DECISION AND JOURNAL ENTRY

Dated: June 8, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1}    Donald Hubbard pleaded guilty to five counts of aggravated robbery, and the trial court sentenced him to 14 years in prison. In 2008, Mr. Hubbard moved to withdraw his plea, arguing that the indictment was defective, but the trial court denied his motion. In 2009, both Mr. Hubbard and the State moved for resentencing because the court had not correctly told Mr. Hubbard about post-release control at his sentencing hearing. The trial court granted the motions and scheduled a resentencing hearing. Before the hearing, Mr. Hubbard again moved to withdraw his plea, arguing that he had not been correctly told about post-release control before pleading guilty. He also moved to dismiss the indictment. The trial court denied his motions and resentenced him to 14 years in prison. Mr. Hubbard has appealed, assigning as error that the trial court incorrectly denied his motion to withdraw his plea and that it waited too long to

resentence him. We affirm because the trial court did not err when it denied Mr. Hubbard's motion to withdraw his plea and did not unreasonably delay in resentencing him.

## MOTION TO WITHDRAW GUILTY PLEA

{¶2} Mr. Hubbard's first assignment of error is that the trial court incorrectly denied his motion to withdraw his plea. Under Rule 32.1 of the Ohio Rules of Criminal Procedure, "[a] motion to withdraw a plea of guilty . . . may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶3} In *State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-3250, the Ohio Supreme Court held that, "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." *Id*. at syllabus. In *State v. Boswell*, 121 Ohio St. 3d 575, 2009-Ohio-1577, the Supreme Court held that "[a] motion to withdraw a plea of guilty . . . made by a defendant who has been given a void sentence must be considered as a presentence motion under Crim. R. 32.1." *Id*. at syllabus. In *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, however, the Court modified *Bezak*, clarifying that, "[if] a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, [only] that *part* of the sentence is void and must be set aside." *Id*. at ¶26.

{¶4} Although the Ohio Supreme Court did not discuss *Boswell* in *Fischer*, *Fischer* calls its holding in *Boswell* into question. If a sentence that fails to properly include post-release control is only void in "*part*" and the "new sentencing hearing to which an offender is entitled . . . is limited to proper imposition of postrelease control," it does not necessarily follow that a

motion to withdraw a plea should be considered a presentence motion. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at paragraph two of the syllabus, ¶26. For purposes of this case, however, because the parties and the trial court agreed that Mr. Gibson's motion to withdraw his guilty plea was a presentence motion and treated it as such, this Court will also examine it as a presentence motion.

{¶5} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Boswell*, 121 Ohio St. 3d 575, 2009-Ohio-1577, at ¶1 (quoting *State v. Xie*, 62 Ohio St. 3d 521, 527 (1992)). The defendant, however, has the burden of demonstrating a reasonable and legitimate basis for withdrawing his plea. *State v. Razo*, 9th Dist. 08CA009509, 2009-Ohio-3405, at ¶12.

{¶6} Mr. Hubbard has argued that the trial court should have allowed him to withdraw his plea because it did not properly notify him about post-release control during its plea colloquy, as required under Rule 11(C)(2) of the Ohio Rules of Criminal Procedure. The Ohio Supreme Court has written that, "unless a plea is knowingly, intelligently, and voluntarily made, it is invalid." *State v. Clark*, 119 Ohio St. 3d 239, 2008-Ohio-3748, at ¶25. "To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea." *Id*. at ¶26. "[I]n conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *Id*. The court "may not accept a plea of guilty . . . without addressing the defendant personally and (1) '[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, . . . ' (2) informing the defendant of the effect of the specific plea and that the court may proceed with judgment and sentencing after accepting it, and ensuring that the defendant

understands these facts, and (3) informing the defendant that entering a plea of guilty . . . waives the constitutional rights to a jury trial, to confrontation, to compulsory process, and to the requirement of proof of guilt beyond a reasonable doubt and determining that the defendant understands that fact." *Id*. at ¶27 (quoting Crim. R. 11(C)(2)).

{¶7} "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *State v. Clark*, 119 Ohio St. 3d 239, 2008-Ohio-3748, at ¶30. If the court has failed to explain "the constitutional rights set forth in Crim.R. 11(C)(2)(c), the . . . plea is invalid[.]" *Id.* at ¶31. If the court has "imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *Id*. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id*. (quoting *State v. Nero,* 56 Ohio St. 3d 106, 108 (1990)).

{¶8} If the trial court has not substantially complied with Criminal Rule 11, the "reviewing court[] must determine whether the trial court *partially* complied or *failed* to comply with the rule." *State v. Clark*, 119 Ohio St. 3d 239, 2008-Ohio-3748, at ¶32. If the court "partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id*. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id*. (quoting *State v. Nero*, 56 Ohio St. 3d 106, 108 (1990)).

{¶9}    During the plea colloquy, the trial court told Mr. Hubbard that, after he completed his prison term, "the parole authorities will . . . impose a period of post-release control up to five years." Because some of Mr. Hubbard's convictions were for felonies of the first degree, he was actually subject to a mandatory five-year term of post-release control. R.C. 2967.28(B)(1). In addition, while the court told Mr. Hubbard that, if he violated post-release control, he could be sent back to prison for up to one-half of his original sentence, it did not tell him that the most he could be reincarcerated for each violation was nine months. R.C. 2967.28(F)(3). It also did not tell him that the prison term he received for violating post-release control could run consecutively to whatever crime he had committed that resulted in the post-release control violation.

{¶10}   The trial court's post-release control explanation did not implicate Mr. Hubbard's constitutional rights. *State v. Garrett*, 9th Dist. No. 24377, 2009-Ohio-2559, at ¶13. The court only partially complied with Criminal Rule 11(C), however, because it did not completely explain post-release control to Mr. Hubbard or tell him that post-release control was mandatory. *State v. Clark*, 119 Ohio St. 3d 239, 2008-Ohio-3748, at ¶32. Accordingly, to vacate his plea, Mr. Hubbard had to establish that he would not have pleaded guilty if he had been properly told about post-release control. *Id*.

{¶11}   Mr. Hubbard testified that he would not have pleaded guilty if he had known all of the details of the sentence he was facing. On cross-examination, however, the prosecutor asked Mr. Hubbard: "[I]f [the trial court] had told you up to nine-month increments would you have said I do not want this plea bargain?" Mr. Hubbard replied: "Probably not."

{¶12}   The trial court noted that "this was a major case" that was "working its way" to trial at the time Mr. Hubbard pleaded guilty. The court noted that the parties had engaged in

lengthy discussions to achieve a resolution before trial and that the defendant had seriously considered the ramifications that the charges presented. It also noted that, because of the plea agreement, the State dismissed three firearm specifications and two weapons under disability charges. It reviewed the entire record and concluded that Mr. Hubbard was not credible when he testified that he would not have accepted the plea if he had known post-release control was mandatory for five years instead of up to five years.

{¶13} The trial court was entitled to not credit Mr. Hubbard's self-serving statements about whether he would have rejected the plea agreement, which were unsupported by other evidence. See *State v. Otte*, 74 Ohio St. 3d 555, 564 (1996). We have reviewed the record and conclude that the trial court did not err when it determined that Mr. Hubbard failed to establish that he would not have pleaded guilty if the court had properly told him about post-release control at the plea colloquy.

{¶14} Mr. Hubbard has also argued that he should have been allowed to withdraw his plea because the indictment was deficient. According to him, the indictment was deficient because the aggravated robbery counts did not include a mens rea of recklessness. We note that Mr. Hubbard raised this same argument in his first motion to withdraw, which the trial court denied in 2008. Because Mr. Hubbard could have appealed that decision, but did not, his argument is barred by res judicata. See *State v. Smith*, 9th Dist. No. 04CA008546, 2005-Ohio-2571, at ¶19.

{¶15} The trial court did not err when it denied Mr. Hubbard's motion to withdraw his guilty plea. Mr. Hubbard's first assignment of error is overruled.

## DELAY IN RESENTENCING

{¶16} Mr. Hubbard's second assignment of error is that the trial court incorrectly denied his motion to dismiss because he was not sentenced in a timely manner. He has argued that the court unreasonably delayed resentencing him until November 2009, even though he brought the post-release control error to the court's attention in September 2008.

{¶17} Under Rule 32(A) of the Ohio Rules of Criminal Procedure, "[s]entence shall be imposed without unnecessary delay." This Court has drawn a distinction between cases in which a trial court refuses to sentence an offender and cases in which it improperly sentenced an offender, and has concluded that Criminal Rule 32(A) does not apply when an offender must be resentenced because the trial court did not properly impose post-release control. *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, at ¶19; see also *State v. Johnson*, 9th Dist. No. 25104, 2011-Ohio-436, at ¶7. Mr. Hubbard's second assignment of error is overruled.

## CONCLUSION

{¶18} The trial court did not err when it denied Mr. Hubbard's motion to withdraw his guilty plea and did not unreasonably delay in resentencing him. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

CHARLES R. QUINN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.