[Cite as *State v. Lee*, 2011-Ohio-4634.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95776**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VIAMONTE LEE

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-460656

**BEFORE:** Rocco, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**    September 15, 2011

-i-

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Anna M. Faraglia
        Mark J. Mahoney
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


KENNETH A. ROCCO, J.:

{¶ 1}   Defendant-appellant Viamonte Lee appeals from his resentencing hearing held pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, as modified by *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus.

{¶ 2}   Lee presents four assignments of error.   He argues: 1) his "video conference" resentencing hearing was improper because the trial court did not

obtain a knowing waiver of his right to be physically present; 2) his resentencing hearing was improper because the trial court conducted it only days prior to his release from prison; 3) his right to effective assistance of counsel was compromised at the resentencing hearing because counsel had been newly-appointed to his case; and, 4) the trial court should have vacated his plea rather than resentencing him.

{¶ 3} Having reviewed the record with Lee's arguments in mind, this court finds merit to none of them. Consequently, his assignments of error are overruled, and his sentence is affirmed.

{¶ 4} Lee originally was indicted in January 2005 on three counts, charged with the forcible rape, gross sexual imposition upon, and kidnapping of his teenaged niece. After a lengthy period of discovery, Lee eventually entered into a plea agreement with the state.

{¶ 5} By the terms of the agreement, in exchange for the state's amendment of the indictment to the charges of attempted rape in Count 1 and a fourth-degree felony gross sexual imposition in Count 2, and the state's dismissal of Count 3, Lee would enter guilty pleas. The trial court informed Lee during the colloquy that, upon release from any prison term, he would be placed on postrelease control "for a period of up to 5 years."

{¶ 6} The trial court accepted Lee's guilty pleas to the two amended counts. The court ultimately sentenced him in October 2005 to concurrent prison terms of five years and seventeen months, respectively. However, at both the sentencing hearing and in the journal entry, the trial court did not specifically impose the mandatory five-year term of postrelease control.

{¶ 7} On August 27, 2010, the trial court called Lee's case for a resentencing hearing. The record reflects Lee was represented by counsel. The court noted at the outset that Lee's presence in court was "via video," and asked Lee if he waived his physical presence for the purpose of the hearing. Lee answered, "Yes."

{¶ 8} The trial court proceeded to conduct a full resentencing hearing. After giving the prosecutor, defense counsel, and Lee the opportunity to address the court, the court noted the offenses to which Lee pleaded guilty, the sentences originally imposed, and reminded Lee about his duties with respect to his classification as a sexually-oriented offender.

{¶ 9} The trial court then stated that, since Lee would be released from prison by September 2, 2010, his sentence on Count 2 had expired, but the five-year sentence for attempted rape remained appropriate. Along with this sentence on Count 1, the trial court informed Lee he was subject to a mandatory five-year term of postrelease control.

{¶ 10} Lee appeals from his resentencing and presents the following four assignments of error for review.

{¶ 11} "I.   Defendant was denied due process of law when the court did not get a proper waiver of defendant's right to appear in person.

{¶ 12} "II.   Defendant was denied due process of law when he was resentenced six days before his release.

{¶ 13} "III.   Defendant was denied the assistance of counsel for reason of late appointment of counsel.

{¶ 14} "IV.   Defendant was denied due process of law when his plea was not vacated by reason of a proper advice concerning mandatory post-release."

{¶ 15} Lee argues in his first assignment of error that the trial court violated Crim.R. 43 in obtaining his waiver of his right to be present in person at the resentencing hearing.   Lee apparently asserts that the trial court was required to explain to him his Crim.R. 43 rights before conducting the resentencing.   The rule has no such requirement.

{¶ 16} Lee had the representation of counsel at the resentencing hearing.   This case thus presents a similar situation to that presented to this court in *State v. Steimle*, Cuyahoga App. No. 95076, 2011-Ohio-1071.   In

*Steimle*, this court observed that, when the court called the case for resentencing, neither the defendant nor his attorney either objected to the video conference or invoked Crim.R. 43; therefore, the issue had been waived for appellate purposes.

**{¶ 17}** In any event, the record in this case demonstrates the trial court complied with each of the requirements set forth in Crim.R. 43(A)(2), and Lee voluntarily waived his right to be physically present.  Lee's first assignment of error, accordingly, is overruled.

**{¶ 18}** In his second assignment of error, Lee argues it was "unjust" to resentence him only days before his release from prison.  The Ohio Supreme Court, however, has endorsed the procedure utilized by the trial court in this case.  *Fischer*, paragraph two of the syllabus.  See, also, *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at the syllabus, where the court held that, in a case in which postrelease control is required but not included in the sentence, " * * * the state is *entitled* to a new sentencing hearing to have postrelease control imposed on the defendant *unless the defendant has completed his sentence*" on that count.  (Emphasis added.) Cf., *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶70; *Bezak* at ¶18.

{¶ 19} Since the trial court did not act outside its jurisdiction in conducting Lee's resentencing hearing, his second assignment of error also is overruled. *State v. Deskins*, Lorain App. No. 10CA009875, 2011-Ohio-2605.

{¶ 20} Lee argues in his third assignment of error that he was deprived of his right to effective assistance of counsel because counsel was appointed for him solely for purposes of the resentencing hearing. In making this argument, Lee presents assertions that are unsupported in the record.

{¶ 21} The record reflects Lee's appointed counsel accomplished all of the following at the resentencing hearing: he had developed an attorney-client relationship with Lee, he had sufficient opportunity to confer with Lee, he had advised Lee not to challenge his sexual offender classification, and he spoke eloquently on Lee's behalf. On the record before this court, Lee can demonstrate neither that counsel fell below an objective standard of reasonable representation, nor that counsel's performance prejudiced him. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373; *State v. Samuels*, Summit App. No. 25283, 2011-Ohio-2631.

{¶ 22} Consequently, his third assignment of error also is overruled.

{¶ 23} In his fourth assignment of error, Lee argues that the trial court should have, sua sponte, vacated his guilty plea on Count 1 because it failed

to fully apprise him at the plea hearing that five years of postrelease control was mandatory. This argument is outrageous.

{¶ 24} Lee never sought to withdraw his plea. Cf. *State v. Hubbard*, Summit App. No. 25141, 2011-Ohio-2770. Had the trial court done as Lee now suggests, he would be arguing that the trial court had abused its discretion[1] by sua sponte vacating his plea just days before his sentence had been completed.

{¶ 25} In *State v. Padgett*, Cuyahoga App. No. 95065, 2011-Ohio-1927, this court observed at ¶7 as follows:

{¶ 26} " * * * *Fischer* clarified the holding in *Bezak*, explaining that while a sentence that lacks proper postrelease control is void, 'only the offending portion of the sentence is subject to review and correction.' *Fischer* at ¶27. The court concluded, 'although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of post release control is

---

[1]This court remains skeptical that Lee actually desires to re-institute the original prosecution, and wonders if such an assignment of error should be raised without a showing that appellate counsel obtained the express written consent of the appellant to do so.

imposed is limited to issues arising at the resentencing hearing.' *Fischer* at ¶40."

{¶ 27} A challenge to the validity of a plea is an issue that should have been raised on direct appeal. Hence, the doctrine of res judicata applies to such a challenge and bars Lee from raising it in this appeal of his sentencing.

{¶ 28} Accordingly, Lee's fourth assignment of error also is overruled.

{¶ 29} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., CONCURS; and
COLLEEN CONWAY COONEY, J.,
CONCURS IN JUDGMENT ONLY