**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0683n.06
Filed: August 9, 2005

**No. 03-4648**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CHRISTOPHER GRIFFIS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| PAT HURLEY, Warden, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |

Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HOOD,[*] District Judge.

PER CURIAM. The petitioner, Christopher Griffis, is an inmate in custody of the Ohio correctional system as the result of his conviction of aggravated robbery and kidnaping, for which he is serving a 16-year sentence. He filed a federal habeas action, pursuant to 28 U.S.C. § 2254, in which he raised two claims for relief: (1) that he was denied his constitutional rights to a fair and impartial jury and to confront the evidence against him when, during trial, a member of the jury conducted an experiment outside of the courtroom and reported the results to the other jurors, and (2) that he was denied the

---

[*]The Hon. Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

effective assistance of appellate counsel. The district court denied relief, and Griffis has now appealed.

The record indicates that the petitioner was charged with committing an assault robbery at knife point in broad daylight in a drug store parking lot. He was positively identified by the victim, both at the scene shortly after the offense was committed and at trial, and the identification was corroborated by additional testimony from eyewitnesses and the officers who apprehended Griffis in the area shortly after the robbery occurred. Griffis did not testify, but his wife did, saying that her husband had left home on foot that morning intending to submit applications for employment at businesses located in the same area. After the jury returned a guilty verdict, one of the jurors told defense counsel that on the night of the first day of the trial, he had driven to Griffis's house and from there to the scene in order to determine the distance from the petitioner's residence to the location where Griffis was arrested. The other jurors present indicated that based upon that information, they determined that the defendant had not spent the night before the robbery at his home and then gone looking for a job the next morning.

When defense counsel moved for a new trial on the basis of juror misconduct, the trial court denied the motion, finding that under Ohio's "aliunde rule" a juror is not permitted to impeach his own verdict without outside evidence from a separate source. On direct appeal, the Ohio Court of Appeals affirmed this ruling and the Ohio Supreme Court denied review. Griffis later moved to reopen his appeal, claiming ineffective assistance of counsel

on direct appeal for failure to raise the validity of the victim's identification, based on the unduly suggestive nature of the one-on-one show-up at the scene of the offense and on trial counsel's failure to that and other issues at trial. The motion to reopen was denied and review by the Ohio Supreme Court was again denied.

In federal court, the magistrate judge who was assigned the case correctly found that, as a matter of federal law, the information introduced by the juror was extraneous evidence, not merely a matter of juror impeachment, and that it amounted to a violation of the petitioner's right to a fair trial and his right to confront the evidence against him. However, the magistrate judge also concluded that the error, while constitutional in nature, was harmless beyond a reasonable doubt because it did not have "a substantial and injurious effect or influence" on the jury's verdict, *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993), in view of the overwhelming evidence of guilt presented by the state. The district court agreed with this assessment, and so do we.

We likewise agree with the magistrate judge's determination that Griffis could not demonstrate that he was prejudiced by counsel's failure to raise certain issues on appeal because they were each without merit. Based on the magistrate judge's recommendation, the district court therefore properly denied relief on the claim of ineffective assistance of counsel.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying

habeas relief to petitioner. Because the reasons why judgment should be entered for the respondent have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court for the reasons set out in its opinion and order dated October 30, 2003, and filed on October 31, 2003, adopting the report of the magistrate judge filed on September 12, 2003.