OPINION *Page 2 
{¶ 1} On May 4, 2005, the Richland County Grand Jury indicted appellant, Ryan Nichols, on one count of failing to appear on a personal recognizance bond in violation of R.C. 2937.99 (Case No. 2005-CR-290).
 {¶ 2} On June 8, 2005, appellant was indicted on one count of safecracking in violation of R.C. 2911.31, one count of receiving stolen property in violation of R.C. 2913.51, and one count of tampering with evidence in violation of R.C. 2921.12, all involving National Electric Supply (Case No. 2005-CR-348).
 {¶ 3} On January 12, 2006, appellant was indicted on one count of breaking and entering in violation of R.C. 2911.13, and one count of theft in violation of R.C. 2913.02, both involving a Citgo Gas Station (Case No. 2006-CR-26). On same date, appellant was indicted on twenty-four counts, including breaking and entering, theft, safecracking, receiving stolen property, criminal damaging in violation of R.C. 2909.06, and possession of criminal tools in violation of R.C.2923.24, involving numerous businesses (Case No. 2006-CR-27). All the charges arose from numerous break-ins in the Mansfield, Ohio area.
 {¶ 4} A jury trial commenced on July 10, 2006. The jury found appellant guilty of twenty counts, all the counts in Case Nos. 2005-CR-290, 2005-CR-348, and 2006-CR-26, and fourteen counts in Case No. 2006-CR-27. The fourteen counts involved the Duke and Duchess Gas Station, Richland Lumber, Washington Floors, the Western Shop, Arby's Restaurant, Hamad Tire, receiving stolen property regarding a Harley *Page 3 
motorcycle and possession of criminal tools.[1] By judgment entries filed August 15, 2006, the trial court sentenced appellant to an aggregate term of nine and one-half years in prison.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE DEFENDANT-APPELLANT BY FAILING TO DISMISS THE CHARGES AGAINST HIM DUE TO A VIOLATION OF THE DEFENDANT-APPELLANT'S RIGHT TO A SPEEDY TRIAL PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 II {¶ 7} "THE JUDGMENT OF CONVICTION MUST BE REVERSED BECAUSE IT RESTS UPON INSUFFICIENT EVIDENCE IN VIOLATION OF THE CONSTITUTIONAL GUARANTEES OF DUE PROCESS OF LAW."
 III {¶ 8} "THE JUDGMENT OF CONVICTION MUST BE REVERSED BECAUSE IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."
 IV {¶ 9} "THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE AND COMMITTED PLAIN ERROR WHEN IT INSTRUCTED THE JURY *Page 4 
ON THE ELEMENTS OF FAILURE TO APPEAR PURSUANT TO R.C. 2937.99 BECAUSE IT FAILED TO INCLUDE THE REQUISITE MENTAL STATE OF RECKLESSNESS."
 V {¶ 10} "THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE WHEN IT SENTENCED HIM TO AN ADDITIONAL FELONY AND MISDEMEANOR OFFENSE WHICH HE WAS NOT CONVICTED OR FOUND GUILTY."
 I {¶ 11} Appellant claims the trial court erred in not dismissing Case Nos. 2005-CR-290 and 2005-CR-348 for violation of his speedy trial rights afforded under the United States and Ohio Constitutions and R.C.2945.71 and 2945.72. We disagree.
 {¶ 12} Appellant's motion to dismiss for speedy trial violations was an oral motion made on the second day of trial. T. at 304. Defense counsel was unable to articulate why the statutory time limit had expired, and requested "an opportunity to prepare a written memorandum in support of our request." Id. The trial court acquiesced, and directed defense counsel to file a written motion. T. at 305. An examination of the docket entries for all four cases reveals a written motion to dismiss was never filed.
 {¶ 13} Pursuant to Crim.R. 12(B), a motion to dismiss is required to be in writing and filed with the trial court. Further, pursuant to Crim.R.12(C), it is explicit that a motion to dismiss for speedy trial violations must be raised prior to trial: *Page 5 
 {¶ 14} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
 {¶ 15} "(1) Defenses and objections based on defects in the institution of the prosecution; "
 {¶ 16} Upon review, we find the motion to dismiss was untimely and in fact was never filed nor were any reasons for the motion articulated to the trial court.
 {¶ 17} Assignment of Error I is denied.
 II, III {¶ 18} Appellant claims his convictions for breaking and entering, theft, criminal damaging, safecracking and criminal tools were against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 19} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State *Page 6 v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 20} Appellant argues there was no proof or a lack of sufficient proof that he committed breaking and entering [R.C. 2911.13(A)] or theft offenses [R.C.2913.02(A)(1)] at the Duke and Duchess Station on March 20, 2005, Richland Lumber on March 26, 2005, Hamad Tire on March 27, 2005, and Arby's Restaurant, Western Shop and Washington Floors on March 31, 2005.
 {¶ 21} After appellant was arrested, he confessed to Detective Bob Mack that he was involved in the break-ins and thefts at the Duke and Duchess, Richland Lumber, Washington Floors and Western Shop. T. at 1221-1222, 1225, 1227, 1228-1229. These admissions were substantiated by the testimony of appellant's family friend, Linda Vasquez, and appellant's cousin, Deanna Hamm. T. at 947-948, 1095, 1099-1101. Appellant's co-defendant, Christopher Myers, also testified to appellant's involvement in the break-ins and thefts. T. at 689-693, 764. Appellant's cousin, Sue Ellen Camp, rode along during the break-ins at the Western Shop and Washington Floors. T. at 970-972, 975, 977.
 {¶ 22} Appellant admitted to having knowledge of the break-ins and thefts at Hamad Tire and Arby's. T. at 1227, 1229-1230. Ms. Hamm and Mr. Myers both testified appellant broke into Hamad Tire. T. at 677, 682, 1097-1098. Mr. Myers and Ms. Camp both testified to appellant's involvement at Arby's. T. at 695-696, 980.
 {¶ 23} Appellant also claims there was insufficient evidence presented on the safecracking charge. The safe in question, along with tools to facilitate break-ins, were *Page 7 
discovered by the police in appellant's former residence. T. at 1069-1073, 1208-1209, 1230-1231. Appellant admitted to trying to break-in to the safe and even joked about it with Detective Mack. T. at 1230. Mr. Myers, Ms. Camp, and Ms. Hamm all testified regarding appellant's involvement in breaking into the safe. T. at 695-701, 756-757, 980-982, 1103-1104.
 {¶ 24} Appellant challenges the evidence on criminal damaging. Appellant was convicted of damaging property during the break-in at Richland Lumber. Appellant argues he could not be responsible for the damage because he did not break-in to Richland Lumber. As noted above, appellant admitted to the Richland Lumber break-in, and Ms. Vasquez substantiated this admission. T. at 947-948, 1221, 1227. The property damage included doors torn off hinges and bent desk drawers. T. at 406, 408. The desk drawers were not bent prior to the break-in. T. at 408. Mr. Myers testified appellant used a small crowbar during the break-ins to open drawers. T. at 679.
 {¶ 25} Lastly, appellant argues the evidence was insufficient to convict him of possession of criminal tools. Mr. Myers, Ms. Camp, and Ms. Hamm all testified appellant had in his possession the crimpers, screwdrivers, crowbars and other tools used in the break-ins. T. at 678-679, 971, 1110-1111, 1117. Appellant had the talent to "pull the lock" and break-in to businesses, and his tools of choice were screwdrivers and a brick. T. at 678-679, 707, 1111.
 {¶ 26} Upon review, we find there is sufficient, credible evidence in the record to support appellant's convictions, and no manifest miscarriage of justice.
 {¶ 27} Assignments of Error II and III are denied. *Page 8 
 IV {¶ 28} Appellant claims the trial court erred in its jury instructions on "failure to appear" as the mental state of recklessness was not defined. We disagree.
 {¶ 29} Defense counsel did not object to the jury instructions. Crim.R. 30(A) states the following in pertinent part:
 {¶ 30} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
 {¶ 31} "An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 32} Appellant admitted he was guilty of failing to appear in court. T. at 1355. Therefore, this issue does not meet the standard for plain error.
 {¶ 33} Assignment of Error IV is denied.
 V {¶ 34} Appellant claims the trial court erred in sentencing him. We agree.
 {¶ 35} The state concedes the trial court erred in sentencing him to one additional felony count and one additional misdemeanor count during the sentencing *Page 9 
hearing. However, the state argues the trial court corrected the error in its judgment entries on sentencing.
 {¶ 36} We find the correction in the judgment entries was not enough to cure the error as Crim.R. 43(A) and Section 10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence. In State v.Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the law regarding this issue as follows:
 {¶ 37} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings.Kentucky v. Stincer (1987), 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that, `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *."'
 {¶ 38} Assignment of Error V is granted. The matter is remanded to the trial court for resentencing. *Page 10 
 {¶ 39} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed except for the sentence. The sentence is vacated and the matter is remanded to said court for resentencing.
 Farmer, P.J., Edwards, J., and Delaney, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed except for the sentence. The sentence is vacated and the matter is remanded to said court for resentencing.
[1] The trial court had dismissed two of the counts in Case No. 2006-CR-27 prior to the case going to the jury. *Page 1