[Cite as *State v. Griffis*, 2011-Ohio-2955.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                     |
|--------------------------|---|-----------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.    |
|                          | : | Hon. John W. Wise, J.       |
| Plaintiff-Appellee       | : | Hon. Patricia A. Delaney, J.|
|                          | : |                             |
| -vs-                     | : |                             |
|                          | : | Case No. CT2010-57          |
| CHRISTOPHER G. GRIFFIS   | : |                             |
|                          | : |                             |
| Defendant-Appellant      | : | O P I N I O N               |


CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
                              County Court of Common Pleas, Case No.
                              CR2000-0199

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       June 15, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

D. MICHAEL HADDOX                     PETER GALYARDT
Muskingum County Prosecutor           Assistant Public Defender
27 North Fifth St., Ste. 201          250 East Broad St., Ste. 1400
Zanesville, OH  43702                 Columbus, OH  43215

*Gwin, P.J.*

{¶1} This matter is on appeal from defendant-appellant, Christopher Griffis' re-sentencing to impose a term of post-release control.

STATEMENT OF THE FACTS AND CASE

{¶2} The record indicates that appellant was charged with committing an assault robbery at knife point in broad daylight in a drug store parking lot. He was positively identified by the victim, both at the scene shortly after the offense was committed and at trial, and the identification was corroborated by additional testimony from eyewitnesses and the officers who apprehended appellant in the area shortly after the robbery occurred. Appellant did not testify, but his wife did, saying that her husband had left home on foot that morning intending to submit applications for employment at businesses located in the same area. After the jury returned a guilty verdict, one of the jurors told defense counsel that on the night of the first day of the trial, he had driven to appellant's house and from there to the scene in order to determine the distance from the petitioner's residence to the location where appellant was arrested. The other jurors present indicated that based upon that information, they determined that the defendant had not spent the night before the robbery at his home and then gone looking for a job the next morning.

{¶3} When defense counsel moved for a new trial on the basis of juror misconduct, the trial court denied the motion, finding that under Ohio's "aliunde rule" a juror is not permitted to impeach his own verdict without outside evidence from a separate source. On direct appeal, we affirmed this ruling and the Ohio Supreme Court

denied review. *Griffis v. Hurley* (6th Cir. August 9, 2005), 151 Fed.Appx. 355, unpublished, 2005 WL 2175939.

{¶4} On October 6, 2010, appellant filed a Motion to Vacate and/or Set Aside Sentence on the basis that the trial court failed to inform appellant that he was subject to post-release control for a mandatory period of five (5) years which the evolving case law now required. On October 25, 2010, the trial court resentenced appellant to the same term of imprisonment that was imposed in the original sentence and it informed him of the mandatory five (5) year term of post-release control both during the hearing and on the sentencing entry.

{¶5} It is from the trial court's October 25, 2010 re-sentencing entry appellant has timely appealed raising the following assignments of error:

{¶6} "I. THE TRIAL COURT COMMITTED PLAIN ERROR AND VIOLATED CHRISTOPHER GRIFFIS'S RIGHT TO DUE PROCESS WHEN IT FAILED TO PROVIDE MR. GRIFFIS WITH A DE NOVO SENTENCING HEARING AS REQUIRED BY SUPREME COURT OF OHIO CASE LAW. FOURTEENTH AMENDMENT, UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I, OHIO CONSTITUTION; CRIM.R. 52(B); *STATE V. BEZAK,* 114 OHIO ST.3D 94, 2007-OHIO-3250, 868 N.E.2D 961; *STATE V. SINGLETON, 124* OHIO ST.3D 173, 2009-OHIO-6434, 920 N.E.2D 958. (OCTOBER 25, 2010 RESENTENCING HEARING TRANSCRIPT, AT 3-9).

{¶7} "II. THE TRIAL COURT COMMITTED PLAIN ERROR AND VIOLATED MR. GRIFFIS'S RIGHT TO DUE PROCESS WHEN IT FAILED TO PROVIDE HIM WITH COUNSEL AT THE RESENTENCING HEARING. SIXTH AND FOURTEENTH

AMENDMENTS, UNITED STATES CONSTITUTION; SECTION 10, ARTICLE I, OHIO CONSTITUTION; CRIM.R. 52(B). (OCTOBER 25, 2010 RESENTENCING HEARING TRANSCRIPT, AT 3-9).

{¶8}   "III. THE TRIAL COURT COMMITTED PLAIN ERROR AND VIOLATED MR. GRIFFIS'S RIGHT TO DUE PROCESS WHEN IT FAILED TO DETERMINE WHETHER HIS CONVICTIONS WERE ALLIED OFFENSES UNDER R.C. 2941.25 AT THE RESENTENCING HEARING. FOURTEENTH AMENDMENT, UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I, OHIO CONSTITUTION; CRIM.R. 52(B); *STATE V. UNDERWOOD,* 124 OHIO ST.3D 365, 2010-OHIO-1, 922 N.E.2D 923; *STATE V. JOHNSON, SLIP* OPINION NO. 2010-OHIO-6314. (OCTOBER 25, 2010 RESENTENCING HEARING TRANSCRIPT, AT 5)."

I.

{¶9}   In his First Assignment of Error, appellant maintains that the trial court committed plain error by not conducting a *de novo* sentencing hearing.

{¶10}   In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph one of the syllabus, the Ohio Supreme Court recently held that "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose post release control, trial courts shall conduct a *de novo* sentencing hearing in accordance with decisions of the Supreme Court of Ohio."

{¶11}   In the instant case, a review of the record reveals that appellant was not properly advised of post-release control at his original sentencing in 2001. Accordingly, appellant is entitled to a *de novo* sentencing hearing.  However, this does not end our analysis.

{¶12} As the United States Supreme Court recently observed in *Puckett v. United States* (2009), 129 S.Ct. 1423, 1428, 173 L.Ed.2d 266, "If an error is not properly preserved, appellate-court authority to remedy the error (by reversing the judgment, for example, or ordering a new trial) is strictly circumscribed. There is good reason for this; 'anyone familiar with the work of courts understands that errors are a constant in the trial process, that most do not much matter, and that a reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal.'" (Citation omitted).

{¶13} "[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus* (May 24, 2010), 560 U.S. __, 130 S.Ct. 2159, 2010 WL 2025203 at 4. (Internal quotation marks and citations omitted).

{¶14} "We have previously held that if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other constitutional[l] errors that may have occurred are subject to harmless-error analysis. *State v. Hill* (2001), 92 Ohio St.3d 191, 197, 749 N.E.2d 274, quoting *Rose v. Clark* (1986), 478 U.S. 570, 579, 106 S.Ct. 3101, 92 L.Ed.2d 460. Moreover, as we stated in *State v. Perry,* 101 Ohio St.3d 118, 2004- Ohio-297, 802 N.E.2d 643, [c]onsistent with the presumption that errors are not structural, the United States Supreme Court ha[s]

found an error to be structural, and thus subject to automatic reversal, only in a very limited class of cases. *Johnson v. United States*, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (complete denial of counsel)); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (biased trial judge); *Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (racial discrimination in selection of grand jury); *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (denial of self representation at trial); *Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31(1984) (denial of public trial); *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (defective reasonable-doubt instruction). *Wamsley*, supra 117 Ohio St.3d at 391-392, 884 N.E.2d at 48-49, 2008-Ohio-1195 at ¶ 16. [Citations and internal quotation marks omitted].

{¶15} Recently, the Ohio Supreme Court in *State v. Fischer,* Slip Opinion No. 2010-Ohio-6238, limited its holding in *Bezak* and concluded that the defendant is only entitled to a hearing for the proper imposition of post release control.

{¶16} In *Fischer*, the Court stated:

{¶17} "We similarly hold that when a judge fails to impose statutorily mandated post release control as part of a defendant's sentence, that part of the sentence is void and must be set aside. (Footnote omitted.) Neither the Constitution nor common sense commands anything more.

{¶18} "This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving post release control, including *Bezak*,114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Thus, we reaffirm the

portion of the syllabus in *Bezak* that states '[w]hen a defendant is convicted of or pleads guilty to one or more offenses and post-release control is not properly included in a sentence for a particular offense, the sentence for that offense is void,' but with the added proviso that only the offending portion of the sentence is subject to review and correction.

{¶19} "However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which post release control was not imposed properly. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak:* when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

{¶20} "Therefore, we hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of post-release control. In so holding, we come more into line with legislative provisions concerning appellate review of criminal sentences."

{¶21} Accordingly, appellant may not raise new issues, or issues he had previously raised on his direct appeal.  See also, *State v. Ketterer,* 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831.

{¶22}  To be reversible as plain error, the failure to conduct a *de novo* sentencing hearing must meet the criterion that "the error seriously affect[t] the fairness, integrity or public reputation of judicial proceedings." *Puckett, supra,* at ----, 129 S.Ct. 1423 (internal quotation marks omitted). Appellant cannot point with any specificity to any

prejudice he suffered as a result of the conduct of his re-sentencing hearing in the case at bar.

{¶23} Accordingly, appellant's first assignment of error is overruled.

II.

{¶24} In his Second Assignment of Error, appellant argues that he was entitled to counsel to represent him during a *de novo* re-sentencing hearing. In other words, appellant contends that the effect of vacating a void sentence is to place the parties in the same position as if there had been no sentence. The Supreme Court had applied this principle in *State v. Bezak,* 114 Ohio St. 3d 94, 2007-Ohio-3250, 868 N.E. 2d 961 to hold, in its syllabus, that when a sentence is void due to inadequate post release-control notification, the defendant is entitled to a new sentencing hearing. Because he is entitled to a new sentencing hearing appellant believes that he was entitled to have counsel appointed to represent him at the sentencing hearing. We disagree.

{¶25} In the case at bar, the error made by the trial court was that the court failed to inform appellant in person during his original sentencing hearing that he was subject to a mandatory five year period of post-release control and to misstate in the original sentencing entry that appellant would be on mandatory post release control for a period "up to" five years.

{¶26} As a result, because the trial court's sentencing did not conform to statutory mandates it is void. See *State v. Bloomer,* 122 Ohio St. 3d 200, 909 N.E. 2d 1254, 2009-Ohio-2462, ¶ 68*; see, also, State v. Jordan,* 104 Ohio St.3d 21, 817 N.E.2d 864, 2004-Ohio-6085; *State v. Bezak,* 114 Ohio St.3d 94, 868 N.E.2d 961,

2007-Ohio-3250; *State v. Simpkins,* 117 Ohio St.3d 420, 884 N.E.2d 568, 2008-Ohio-1197; *State v. Boswell,* 121 Ohio St.3d 575, 906 N.E.2d 422, 2009-Ohio-1577.

**{¶27}** However, as noted in our disposition of appellant's First Assignment of Error, supra, the Ohio Supreme Court in *State v. Fischer,* Slip Opinion No. 2010-Ohio-6238, limited its holding in *Bezak* and concluded that the defendant is only entitled to a hearing for the proper imposition of post release control.

**{¶28}** A "critical stage" only exists in situations where there is a potential risk of substantial prejudice to a defendant's rights and counsel is required to avoid that result; in other words, counsel must be present "where counsel's absence might derogate from the accused's right to a fair trial." *United States v. Wade* (1967), 388 U.S. 218, 226, 87 S.Ct. 1926.

**{¶29}** In the case at bar, appellant was convicted after a jury trial. Appellant was represented by counsel at his original sentencing hearing in 2001. Appellant was subject to a mandatory period of post release control. Both the mandatory nature and the length of appellant's post release control are governed by statute. See, R.C. 2967.28. Accordingly, no discretion was involved in the trial court's October 25, 2010 re-sentencing hearing concerning appellant's post release control obligation.

**{¶30}** The court in *Fisher*, supra, further held that "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. Accordingly, appellant could not raise new issues, or issues he had previously raised on his direct appeal. *State v.*

*Fischer,* supra*;* See also, *State v. Ketterer,* 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831.

**{¶31}** "Consequently, the sentencing hearing was…not a *de novo* hearing but a ministerial act to create a new journal entry with the addition of the corrected language noting that post-release control was mandatory." *State v. Davis*, Washington App. No. 10CA9, 2010-Ohio-5294 at ¶32.

**{¶32}** In the case at bar appellant did not face a substantial risk of prejudice because the court was limited to informing him in person concerning the imposition of five years mandatory post-release control and adding the words "mandatory" to the imposition of post release control as set forth in its Judgment Entry, which it was required to do in the first place, i.e., the court did not have the authority to make any other substantive changes to the already-imposed sentence.

**{¶33}** Traditional notions of fair play and substantial justice were not offended. Appellant cannot point with any specificity to any prejudice he suffered as a result of not having counsel to represent him during the October 25, 2010 re-sentencing hearing.

**{¶34}** Appellant's Second Assignment of Error is overruled.

III.

**{¶35}** In his Third Assignment of Error appellant argues that the trial court committed plain error by not considering whether the offenses for which he was convicted are allied offenses of similar import.  We disagree.

**{¶36}** As noted in our disposition of appellant's First Assignment of Error, supra, the Ohio Supreme Court in *State v. Fischer,* Slip Opinion No. 2010-Ohio-

6238, limited its holding in *Bezak* and concluded that the defendant is only entitled to a hearing for the proper imposition of post release control.

**{¶37}** The court in *Fisher*, supra further held that "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. Accordingly, appellant could not raise new issues, or issues he had previously raised on his direct appeal. *State v. Fischer,* supra; See also, *State v. Ketterer,* 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831.

**{¶38}** Under these circumstances, we find that an appellant may not raise additional arguments relating to his conviction following his resentencing. *See, State v. Nichols,* Richland App. No. 2006CA0077, 2007-Ohio-3257 at ¶ 19. Res judicata is a valid basis for rejecting these claims.

**{¶39}** Appellant's Third Assignment of Error is overruled.

**{¶40}** For the foregoing reasons, the judgment of the Muskingum County Court of Common Pleas, Muskingum County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 0524

[Cite as *State v. Griffis*, 2011-Ohio-2955.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRISTOPHER G. GRIFFIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2010-57 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Muskingum County, Ohio is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY