[Cite as *Cleveland v. Go Invest Wisely, L.L.C.*, 196 Ohio App.3d 495, 2011-Ohio-5387.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95973**

## CITY OF CLEVELAND,

APPELLEE,

v.

## GO INVEST WISELY, L.L.C.,

APPELLANT.

## JUDGMENT:
## DISMISSED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2010-CRB-009822

**BEFORE:** Keough, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 20, 2011

**ATTORNEYS:**

Robert J. Triozzi, Cleveland Director of Law, and Karyn J. Lynn, Assistant Director of Law, for appellee.

Powers Friedman Linn, P.L.L., and James J. Costello, for appellant.

KATHLEEN ANN KEOUGH, Judge.

{¶ 1}  Defendant-appellant, Go Invest Wisely, L.L.C. ("GIW"), appeals from the trial court's judgment imposing a fine of $915,000 for GIW's failure to comply with the order of the city of Cleveland's director of building and housing to correct multiple violations of the city's building code.   We dismiss for lack of a final, appealable order.

I

{¶ 2}  GIW is a company that buys and sells real estate for investment purposes. In April 2010, the city filed a criminal complaint charging GIW with 26 violations of the building code relating to residential property located at 840 East 141st Street in Cleveland.  Count 1 of the complaint charged GIW with failure to comply with the order of the director of building and housing, in violation of Cleveland Codified Ordinances 367.99(a) and 3103.25(E).  The remaining counts charged GIW with other violations of the building code relating to specific deficiencies in the property (e.g., lack of running water, inadequate sanitary facilities, missing or damaged electrical facilities).  GIW pleaded not guilty, and the matter proceeded to a bench trial.

{¶ 3}  Charlene Hatchett, a residential building inspector for the city, testified that on June 26, 2009, she conducted an interior and exterior inspection of the property.  Hatchett testified that she observed numerous code violations during her inspection.  She observed that the hot-water tank and furnace were not working and there was no

electricity in the home. She also observed structural damage to the porch and front steps and noted that the garage roof was deteriorated, doors were broken, gutters and downspouts were missing, the driveway needed repair, and there were overgrown hedges around the home. Further, the home was open and not secured. The city sent a violation notice to GIW requiring that the violations be corrected within 30 days of issuance of the notice.

{¶ 4} Hatchett testified that in the following months, she periodically drove by the property and observed that the exterior violations were not corrected. Hatchett formally inspected the property again on February 26, 2010, and June 15, 2010, one week prior to trial. She noted that the code violations were "pretty much the same and [had] probably gotten a little worse" since her initial inspection. She testified further that GIW had not pulled any building permits to correct the violations or appealed to the Board of Building Standards or the Board of Zoning Appeals about the violations and no one from GIW had called the city to request an extension of time to correct the violations. On March 16, 2010, GIW sold the property to another out-of-state investor for $700.

{¶ 5} The trial court found GIW guilty of failure to comply with an order of the director of building and housing to repair the property and determined that the property was out of compliance from August 27, 2009, until February 26, 2010. At a subsequent hearing, the court imposed the maximum fine of $915,000, or $5,000 per day for the 183 days the property was out of compliance.

{¶ 6} The trial court subsequently held a hearing regarding the city's request for restitution. It declined to award any restitution after finding that the statutory requirements for such an award were not met.

{¶ 7} GIW appealed the trial court's judgment. This court sua sponte remanded the matter to the trial court to issue an entry conforming with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. This court noted that although GIW had been charged with multiple counts relating to building-code violations, the trial court's sentencing entry listed only one count and one sentence. Accordingly, to resolve any jurisdictional issues related to the lack of a final, appealable order, this court remanded the matter for the trial court to issue an entry that included the charges on which GIW was convicted, the means of conviction (plea, verdict, or finding by the court), any specifications of which GIW was convicted, and the sentence regarding each count.

{¶ 8} Upon remand, the trial court issued an entry stating that "the fine and sentence reflect the finding of guilt and sentence on all of the counts in this case." It then apportioned the $915,000 fine over the 26 counts charged in the complaint.

II

{¶ 9} Appellate courts in Ohio have jurisdiction to review the final orders or judgments of lower courts within their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. In the absence of a final, appealable order, the appellate court does not have jurisdiction to review the matter and must dismiss the case sua

sponte. *St. Rocco's Parish Fed. Credit Union v. Am. Online*, 151 Ohio App.3d 428, 2003-Ohio-420, 784 N.E.2d 200, ¶ 9.

{¶ 10} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial" when it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B). "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause." *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professional Guild of Ohio* (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260.

{¶ 11} The trial court's journal entry after remand apportioned the $915,000 fine over the 26 counts charged in the complaint, and thus would appear to dispose of the entire case. However, the transcripts of the bench trial and sentencing hearing demonstrate that the trial court found GIW guilty of only Count 1 of the complaint and imposed the $915,00 fine only on that count.

{¶ 12} At the conclusion of trial, the trial judge stated, "The Court finds the defendant Go Invest Wisely guilty for failure to comply with an order of the director of Building and Housing to repair the property. * * * [A]nd that the defendant was out of compliance from August 27th 2009 until February 26th 2010 * * *." The trial court's finding of guilt for failure to comply related to Count 1 of the complaint. The trial judge made no mention of the other 25 counts of the complaint and did not find GIW guilty of the other counts.

{¶ 13} At sentencing, the trial judge specifically imposed the maximum fine of $5,000 per day for each of the 183 days that GIW failed to comply with the director's order to abate the code violations, as charged in Count 1 of the complaint. The trial court made no mention at sentencing that the fine was apportioned over the remaining 25 counts of the complaint.

{¶ 14} Thus, the trial court's sentencing entry after remand, in which it stated that it found GIW guilty of all counts as charged and then apportioned the $915,000 fine over all counts, is inconsistent with the trial court's pronouncements in open court. The trial transcript reflects that the trial judge found GIW guilty only of Count 1 and made no determination regarding GIW's guilt or lack thereof with respect to the remaining counts of the complaint. Moreover, the sentencing transcript reflects that the trial judge imposed the $915,000 fine only on Count 1; it was not apportioned over all of the counts charged in the complaint.

{¶ 15} Accordingly, because the trial court's sentencing entry is inconsistent with the court's pronouncements in open court and because the trial court did not dispose of the entire case, we must dismiss for lack of a final, appealable order. Unless and until the city dismisses the remaining counts or the trial court conducts a hearing at which it makes an appropriate disposition of all counts based on the evidence presented at trial, we will not have a final, appealable order.

Appeal dismissed.

BOYLE, P.J., concurs.
GALLAGHER, J., dissents.

MARY J. BOYLE, P.J., concurring.

{¶ 16} This is not a *Baker* issue!   The majority does not dismiss this appeal based upon a *Baker* issue.   Thus, respectfully I write separately, as I do not agree with the dissent and concur completely with the majority opinion.

{¶ 17} In my review of the record, following the bench trial, the trial court failed to find Go Invest Wisely, L.L.C. ("GIW"), guilty of Counts 2 through 26.   Further, at the sentencing hearing, the trial court sentenced GIW only on Count 1, again never addressing the remaining 25 counts.

{¶ 18} The first sentencing judgment entry also reflects the court's failure to find GIW guilty and its failure to sentence GIW on the 25 other counts.   Although the trial court tried to correct the error in sentencing in its revised judgment entry, that attempt did not cure the error, as GIW's right to be present at every critical stage of the proceedings pursuant to Section 10, Article I, Ohio Constitution and Crim.R. 43(A) encompassed the right to be present during the imposition of the determination of guilt and of the sentence. *State v. Nichols*, 5th Dist. No. 2006CA0077, 2007-Ohio-3257.

SEAN C. GALLAGHER, J., dissenting.

{¶ 19} I respectfully dissent from the majority opinion.   I would not find the order issued by the trial court following remand to be in conflict with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.   In my view, the order issued is complete,

addressed all counts, and is not in direct conflict with what was originally stated on the record. The transcript from the June 17, 2010 hearing reflects that the court said that the defendant was out of compliance from August 27, 2009, to February 26, 2010, and that the maximum fine is $5,000 a day for each day out of compliance *for each* of the violations that have not been corrected. The court then referred to the figure of $915,000.

{¶ 20} I will concede the breakdown of the counts during the hearing could have been more thorough, but the trial court was clearly referring to all the counts, and the court unequivocally outlined those counts and the manner of conviction in the revised order dated May 11, 2011.

{¶ 21} The notice of appeal was filed on November 10, 2010. The briefs were in on March 2, 2011. The case was remanded to the trial court to address the *Baker* issue in April and returned to this court in May. While I understand the majority's desire to see absolute symmetry between the transcript and the final journal entry, I do not see this as reaching the level of a *Baker* violation. Thus, I respectfully dissent.